No. 48,461

WILLIAM J. STERLING, HELENA STERLING and ROBERT E. STERLING, individually and as trustees of the estate of Edd Sterling, deceased; individually and as representatives of all that class of gas royalty owners under The Superior Oil Company oil and gas leases in the Hugoton-Anadarko area, *Appellees* and *Cross-Appellants,* v. THE SUPERIOR OIL COMPANY, *Appellant* and *Cross-Appellee.*

(567 P.2d 1325)

Opinion filed July 29, 1977.

*Jack D. Sage,* of Hershberger, Patterson, Jones & Roth, of Wichita, argued the cause, and *Richard Jones,* of the same firm, *W. B. Wagner, Jr.,* and *R. T. Robberson,* of The Superior Oil Company, of Houston, Texas, were with him on the briefs for the appellant and cross-appellee.

*Gary R. Hathaway,* of Ulysses, argued the cause, and *W. Luke Chapin* and *Allan C. Goering,* of Medicine Lodge, were with him on the brief for the appellees and cross-appellants.

The opinion of the court was delivered by

SCHROEDER, J.: This is a class action brought by William J. Sterling, Helena Sterling and Robert E. Sterling (plaintiffs-appellees and cross-appellants) individually and on behalf of some 246 gas royalty owners, including those who do not reside in Kansas or have leases covering lands in Kansas or both, against their producer, The Superior Oil Company (defendant-appellant and cross-appellee), for recovery of interest on "suspense royalties." The total amount of the suspense royalties held from May of 1960 to May of 1973 was slightly over $100,000, which Superior commingled with its other funds and used in its business operations. Except for the smaller size of class membership, the starting of withholding in May of 1960, the payout by Superior in May of 1973, and the judgment of the trial court on January 7,

1976, this case is identical in legal issues and factual situations to those presented in *Shutts, Executor v. Phillips Petroleum Co.,* 222 Kan. 527, 567 P.2d 1292 (No. 47,917, decided July 11, 1977.) The same FPC Hugoton-Anadarko area and FPC Opinion No. 586 are involved.

As held in *Shutts,* (1) this action was properly tried as a class action even though involving nonresident plaintiffs, (2) the producer was liable for interest on a theory of unjust enrichment and contractual principles, and (3) the class members had not waived any claim for interest. However, the computation of the award of interest by the trial court should be modified to conform to the *Shutts* case which held:

"We therefore hold on equitable principles Phillips is required to pay its royalty owners herein seven percent (7%) per annum simple interest on suspense royalties from the date of receipt of suspense royalties by Phillips until October 1, 1970 (the effective date of FPC Opinion No. 586), and eight percent (8%) simple interest per annum thereafter until the payout to the royalty owners on or about December 7, 1972. Applying the 'United States Rule' on partial payments, after the payout there was still an unpaid principal sum due equal to the total principal due plus accrued interest, less the payout. Assuming proper calculations, this amount, although principal, would equal the accrued interest on the date of the payout. From December 7, 1972, on until the date of judgment (July 29, 1976) equitable principles and Phillips' contractual undertaking require Phillips to pay its royalty owners herein eight percent (8%) per annum simple interest on the unpaid principal sum (accrued interest on date of payout) plus the unpaid principal sum; and thereafter our post-judgment interest statute, K.S.A. 16-204, requires payment of eight percent (8%) per annum simple interest for the benefit of the royalty owners on the total amount of the judgment until paid."

The judgment of the lower court is affirmed in part and modified in part, and the case is remanded for further proceedings consistent with the foregoing opinion.