No. 48,470

HAZEL NIX and FRED SCHUPBACH, JR., individually and as representative of all that class of gas royalty owners under Northern Natural Gas Producing Company and Mobil Oil Corporation oil and gas leases in the Hugoton-Anadarko area, *Appellees* and *Cross-Appellants,* v. NORTHERN NATURAL GAS PRODUCING COMPANY and MOBIL OIL CORPORATION, *Appellants* and *Cross-Appellees.*

(567 P.2d 1322)

Opinion filed July 29, 1977.

*Richard Jones,* of Hershberger, Patterson, Jones & Roth, of Wichita, argued the cause, and *Jack D. Sage,* of the same firm, and *Roscoe C. Elmore,* of Mobil Oil Corporation, of Houston, Texas, were with him on the briefs for the appellants and cross-appellees.

*Alan C. Goering,* of Chapin & Penny, of Medicine Lodge, argued the cause, and *W. Luke Chapin,* of the same firm, and *Gary Hathaway,* of Hathaway & Kimball, of Ulysses, were with him on the brief for the appellees and cross-appellants.

The opinion of the court was delivered by

SCHROEDER, J.: This is a class action brought by Hazel Nix and Fred Schupbach, Jr., (plaintiffs-appellees and cross-appellants) individually and on behalf of some 5,739 gas royalty owners, including those who do not reside in Kansas or have leases covering land in Kansas or both, against their producers, Northern Natural Gas Producing Company and Mobil Oil Corporation (defendants-appellants and cross-appellees), for recovery of in-

terest on "suspense royalties." The total amount of suspense royalties held from 1967 by Mobil and 1968 by Northern to May 1971 was approximately $1,250,000 by Mobil and approximately $223,000 by Northern, which both Mobil and Northern commingled with other funds and used in their business operations. Except for the size of the class membership, the starting of withholding in 1967 by Mobil and 1968 by Northern, the payout by both Mobil and Northern in May 1971, the judgment of the trial court on January 8, 1976, and a statute of limitations question hereinafter discussed, this case is identical in legal issues and factual situations to those presented in *Shutts, Executor v. Phillips Petroleum Co.,* 222 Kan. 527, 567 P.2d 1292 (No. 47,917, decided July 11, 1977). The same FPC Hugoton-Anadarko area and FPC Opinion No. 586 are involved.

This action was originally commenced on January 24, 1974, by filing a petition which alleged "Mobil Oil Corporation pays royalties on leases of Northern Natural Gas Producing Company, and Plaintiff is informed that Mobil Gas [Oil] Corporation has some interest in Northern Natural Gas Producing Company or its leases. Northern Natural Gas Producing Company is commonly referred to as 'Northern Natural' and for convenience, both defendants are referred to as 'Northern Natural' in this Petition."

The original petition was filed by Hazel Nix, individually and as representative of a class "composed of all of the owners of royalty interests in oil and gas leases in an area known as the Hugoton-Anadarko Area who have had increased proceeds from the sale of their gas withheld by Northern Natural [Gas Producing Company]." The trial court found the appellees were members and proper representatives of a class of royalty owners entitled to "suspense royalties" in the Hugoton-Anadarko area affected by FPC Opinion 586 under leases owned by Northern Natural Gas Producing Company or Mobil Oil Corporation or any of their predecessor companies. The trial court excluded the royalty owners that opted-out and others that had individual actions pending against the defendants or their predecessor companies from the plaintiff class.

The trial court found Northern Natural Gas Producing Company to be a wholly owned subsidiary of Mobil Oil Corporation.

*Attorneys for the parties agreed to add Fred Schupbach, Jr., as a party plaintiff in accordance with the terms and provisions of an*

*amended petition.* The agreement is recited in an order filed May 24, 1974 (dated May 22, 1974), which allowed the filing of an amended petition. The order recited, among other things, that the defendants were given 30 days from the date of the order to file amended answers and amended supplemental answers to interrogatories and requests for admissions in conformity to the amended petition. The defendants complied and filed their answers to the amended petition on June 24, 1974.

The record discloses the amended petition was not *filed* until June 13, 1974. Three years from the date of mailing the FPC suspense royalty checks was May 25, 1974.

Upon the foregoing, Mobil contends the three-year statute of limitations is applicable to the appellees' claims, and, therefore, the claims of Mobil royalty owners, first asserted more than three years after appellees' alleged cause of action accrued, are barred.

The trial court found that "Since the petition herein was filed January 24, 1974, not even the implied contract statute of limitations of three years in Kansas and Oklahoma (and four years in Texas) has run and the court finds the written contract limitation should apply."

Assuming the three-year statute of limitations to be the applicable time limitation for consideration, as Mobil contends, we do not think the claims of Mobil royalty owners are barred. The original petition filed January 24, 1974, referred to both defendants, Mobil and Northern Natural, as "Northern Natural." Both defendants had ample notice prior to the running of any statute of the contents of the amended petition. By agreement of the parties an order was entered by the trial court prior to the running of the statute on May 24, 1974, allowing the amended petition to be filed. The claim against Mobil and Northern Natural arose out of the same facts as alleged in the original petition. The defendants admitted in their answer to the amended petition that "Mobil Oil Corporation pays royalties on leases of Northern Natural Gas Producing Company" and that Northern Natural Gas Producing Company is a wholly owned subsidiary of Mobil. It was stipulated in the pretrial order that Mobil receives all proceeds from gas sales due Northern Natural Gas Producing Company.

Under these circumstances the plaintiff Nix, although a royalty owner under a lease with Northern Natural, had the same stand-

ing to seek recovery against Mobil as did the plaintiff Schupbach for damages payable as interest arising from the use of FPC suspense funds. The question presented was common to all class plaintiffs regardless of which defendant's lease was applicable. K.S.A. 60-215(c) provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he would not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

Under all of the facts and circumstances here presented, and applying the intent and spirit of the foregoing statute, the amended petition relates back to January 24, 1974, both as to plaintiff Nix as being a proper representative of the entire class of Mobil's and Northern Natural's royalty owners and as to plaintiff Schupbach as being such representative.

Accordingly, as held in *Shutts*, (1) this action was properly tried as a class action even though involving nonresident plaintiffs, (2) the producers were liable for interest on a theory of unjust enrichment and contractual principles, and (3) the class members had not waived any claim for interest. However, the computation of the award of interest by the trial court should be modified to conform to the *Shutts* case which held:

"We therefore hold on equitable principles Phillips is required to pay its royalty owners herein seven percent (7%) per annum simple interest on suspense royalties from the date of receipt of suspense royalties by Phillips until October 1, 1970 (the effective date of FPC Opinion No. 586), and eight percent (8%) simple interest per annum thereafter until the payout to the royalty owners on or about December 7, 1972. Applying the 'United States Rule' on partial payments, after the payout there was still an unpaid principal sum due equal to the total principal due plus accrued interest, less the payout. Assuming proper calculations, this amount, although principal, would equal the accrued interest on the date of the payout. From December 7, 1972, on until the date of judgment (July 29, 1976) equitable principles and Phillips' contractual undertaking require Phillips to pay its royalty owners herein eight percent (8%) per annum simple interest on the unpaid principal sum (accrued interest on date of payout) plus the unpaid principal sum; and thereafter our post-judgment interest statute, K.S.A. 16-204, requires payment of eight percent (8%) per annum simple interest for the benefit of the royalty owners on the total amount of the judgment until paid."

The judgment of the lower court is affirmed in part and modified in part, and the case is remanded for further proceedings consistent with the foregoing opinion.