No. 48,563

HELENA STERLING, *et al., Appellees and Cross-Appellants,* v. MARATHON OIL COMPANY, *Appellant and Cross-Appellee.*

(576 P.2d 635)

Opinion filed April 1, 1978.

*Robert F. Lytle,* of Lytle, Wetzler, Winn & Martin, of Prairie Village, argued the cause, and *John L. Vratil,* of the same firm, and *David O. Cordell* and *J. N. McAdams,* of Marathon Oil Company, of Houston, Texas, were with him on the brief for appellant and cross-appellee.

*W. Luke Chapin,* of Chapin & Penny, of Medicine Lodge, argued the cause, and *Alan C. Goering,* of the same firm, and *Arthur C. Hodgson,* of Hodgson & Kahler, of Lyons, were with him on the brief for appellees and cross-appellants.

The opinion of the court was delivered by

HOLMES, J.: This is a class action brought by Helena Sterling and others (plaintiffs-appellees and cross-appellants) individually and on behalf of a class of some 560 royalty owners, including those who do not reside in Kansas or have leases covering lands in Kansas, or both, against their producer, Marathon Oil Company, for recovery of interest on "suspense royalties." This is another in a series of cases involving the same or similar facts and issues. (See *Shutts, Executor v. Phillips Petroleum Co.,* 222 Kan. 527, 567 P.2d 1292 [1977]; *Maddox v. Gulf Oil Corporation,* 222 Kan. 733, 567 P.2d 1326 [1977]; *Sterling v. Superior Oil Co.,* 222 Kan. 737, 567 P.2d 1325 [1977]; *Nix v. The Northern Natural Gas Producing Co.,* 222 Kan. 739, 567 P.2d 1322 [1977]; *Helmley v. Ashland Oil, Inc.,* 1 Kan. App. 2d 532, 571 P.2d 345 [1977].)

Except for the size of the class membership, the dates of withholding, the judgment of the trial court on January 29, 1976, and the points and facts hereinafter discussed, the facts and issues are the same as in *Shutts,* supra.

Appellant, Marathon Oil Co. (Marathon) raises points not covered in our prior decisions and we will limit our discussion to those points. For a detailed recitation of the facts and determination of the common issues, we would refer the reader to *Shutts,* supra.

The first point is the contention venue did not lie in Rice County. The individual plaintiffs were residents of Barber County and owned no land in Rice County. Marathon did not maintain a registered office in Rice County and its only connection with Rice County is as owner of working interests in two oil leases operated by Phillips Petroleum Co. Marathon contends that it is not "doing business" within the purview of K.S.A. 60-604(3), our statute upon which venue was based in this action. The record discloses Marathon owns a 37.5% working interest in two Rice County oil leases operated by Phillips.

The trial court, in its memorandum of decision, found:

". . . . The defendant company makes itself amenable to the Kansas court by virtue of the interest owned and the benefits reaped in and from the oil and gas interests in Rice County, Kansas. . . ."

The operating agreement between Marathon and Phillips gives Marathon certain rights and duties in the operation and development of the leases covered by the agreement. For example, Marathon pays its share of the costs and expenses, its consent is required under certain conditions for the drilling, reworking, plugging back or deepening of wells and its consent is required for expenditures by Phillips in excess of $10,000.00. There are others. We agree with the trial court that Marathon is doing business in Rice County, venue was properly laid in Rice County and the trial court had jurisdiction of the case. See *Intercontinental Leasing, Inc. v. Anderson,* 410 F.2d 303 (1969).

Defendant-appellant next contends there is a well-defined trade custom and usage in the gas industry that royalty payments held in suspense do not draw interest until the amount or ownership becomes certain and not subject to dispute. We have reviewed the authorities cited by appellant and find no merit in its argument. As stated in *Shutts:*

"When a party retains and makes actual use of money belonging to another, equitable principles require that it pay interest on the money so retained and used." Syl. ¶ 20.

The final point not specifically before the court in *Shutts,* and the other cases, is that if equitable principles apply then Marathon is entitled to set off one-eighth of its expenses and attorneys' fees incurred in obtaining the increased gas prices and its administrative costs incurred in handling the "suspense royalties." Historically, the landowners' share of the oil and gas royalty is free and clear of all costs of administration, production, marketing, etc. The leases specifically so provide and we find no reasonable basis for a determination in this case that the landowners' royalty should be burdened with any portion of such expense. (*Schupbach v. Continental Oil Co.,* 193 Kan. 401, 394 P.2d 1 [1964]; *Gilmore v. Superior Oil Co.,* 192 Kan. 388, 388 P.2d 602 [1964].)

The only remaining issue is raised by plaintiffs-cross-appellants as to the method utilized by the trial court in computing the interest due plaintiffs on the suspense royalties. The trial court allowed interest at the rate of 6% per annum based upon K.S.A. 16-201. This point was adequately covered in *Shutts,* supra.

Accordingly, as held in *Shutts,* (1) this action was properly tried as a class action even though involving nonresident plaintiffs, including some who own no land in Kansas, (2) the producers were liable for interest on equitable principles, (3) the class members had not waived any claim for interest nor were they estopped from claiming such interest, and (4) the action was not barred by the statute of limitations. We further *hold:* (1) venue of this action was properly laid in Rice County, (2) the recovery of interest was not barred by custom and usage in the industry, (3) Marathon is not entitled to an equitable set-off of a portion of its costs, expenses and attorney fees and (4) the method of computation of the award of interest should be modified to conform to *Shutts.*

The judgment is affirmed except as to the computation of interest. We hold that Marathon Oil Company was obligated to pay interest as follows: 7% per annum simple interest on suspense royalties from the date suspense royalties were received by it until October 1, 1970 (the effective date of F.P.C. opinion No. 586); and 8% thereafter, computed as directed in *Shutts,* supra, pp. 568-569.

The case is remanded to the trial court for further proceedings in conformity with this opinion.