No. 53,291

B. W. KLIPPEL, JR., *Appellant,* v. JAMES W. HEINTZ and HELEN J. HEINTZ, husband and wife, also dba IVERNESS OIL COMPANY, *Appellees.*

(644 P.2d 428)

Opinion filed May 8, 1982.

*Thomas L. Wilson,* of Yates Center, argued the cause and was on the brief for appellant.

*Thomas P. Mikulka,* of the law offices of John C. Rubow, of Chanute, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

HOLMES, J.: Plaintiff, B. W. Klippel, Jr., appeals from an order of the trial court sustaining a motion by the defendants for dismissal of the action due to a lack of personal jurisdiction over the defendants and alternatively based upon the doctrine of *forum non conveniens.*

The lawsuit grows out of the operation of two oil and gas leases located in the East Rose Field Unit in Woodson County. In 1974, the defendants purchased a 15/16ths of a 7/8ths working interest in the Bishop North lease from Equity East Oil Trust and in 1976, purchased a similar interest in the Young A lease from Mr. Klippel. Klippel was designated the operator of both leases in written agreements executed or ratified by the defendants. Defendants are residents of the State of Illinois and Klippel is a resident of Missouri, although he maintains a home in Yates Center. The assignments of the leases and the operating agreements were executed by all the parties outside the State of Kansas.

Under the terms of the operating agreements, Klippel has the responsibility for the development and operation of the properties covered by the leases and the defendants are to pay all expenses for labor and materials incurred by Klippel. Plaintiff's petition sets forth three causes of action: (1) a claim for unpaid

operating expense incurred under the agreement on the Bishop North lease, (2) a claim for unpaid operating expense incurred under the agreement on the Young A lease, and (3) a claim for unpaid interest on the principal balance of an oil payment in favor of Klippel on the Young A lease. Defendants filed a motion to dismiss, asserting that the defendants were not doing business in the State of Kansas and were not subject to the long-arm jurisdiction of the Kansas courts. K.S.A. 60-308(*b*) provides in pertinent part:

> "(*b*) *Submitting to jurisdiction - process*. Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:
> (1) The transaction of any business within this state."

Service of process was effected on the defendants in Illinois as provided in the statute. Defendants contend that plaintiff's suit is merely to recover money on a contractual obligation growing out of contracts entered into outside the State of Kansas between nonresidents of Kansas and as such they are not subject to personal jurisdiction in Kansas. The trial court found that plaintiff's causes of action did not arise from the transaction of business within the state as contemplated by the statute. The court also found that if a third party who lived and worked in Kansas was suing for labor or materials, the defendants would be subject to the court's jurisdiction but that the statute does not apply when an agent who is doing business in Kansas is suing his nonresident principal. We find no such distinction in the statute.

It is clear that the defendants are doing business in Kansas and in our opinion are subject to the jurisdiction of the Woodson County District Court for alleged obligations growing out of the operation of their oil and gas leases in Woodson County. The leases themselves create certain duties and obligations on the part of the defendants to be performed in Kansas as do the operating agreements. We were faced with a similar set of circumstances in *Sterling v. Marathon Oil Co.*, 223 Kan. 686, 576 P.2d 635 (1978), where the defendant Marathon was objecting to the venue of the action filed in Rice County on the grounds the plaintiffs were residents of Barber County and that Marathon, a foreign corporation, was not doing business in Rice County. We stated:

"The first point is the contention venue did not lie in Rice County. The individual plaintiffs were residents of Barber County and owned no land in Rice County. Marathon did not maintain a registered office in Rice County and its only connection with Rice County is as owner of working interests in two oil leases operated by Phillips Petroleum Co. Marathon contends that it is not 'doing business' within the purview of K.S.A. 60-604(3), our statute upon which venue was based in this action. The record discloses Marathon owns a 37.5% working interest in two Rice County oil leases operated by Phillips.

"The trial court, in its memorandum of decision, found: '. . . . The defendant company makes itself amenable to the Kansas court by virtue of the interest owned and the benefits reaped in and from the oil and gas interests in Rice County, Kansas. . . .'

"The operating agreement between Marathon and Phillips gives Marathon certain rights and duties in the operation and development of the leases covered by the agreement. For example, Marathon pays its share of the costs and expenses, its consent is required under certain conditions for the drilling, reworking, plugging back or deepening of wells and its consent is required for expenditures by Phillips in excess of $10,000.00. There are others. We agree with the trial court that Marathon is doing business in Rice County, venue was properly laid in Rice County and the trial court had jurisdiction of the case. See *Intercontinental Leasing, Inc. v. Anderson,* 410 F.2d 303 (1969)." p. 687.

In the present case, the defendants had similar obligations under the Klippel operating agreements as existed in the operating agreement between Phillips and Marathon. K.S.A. 60-308 does not make any exception denying jurisdiction to a nonresident agent who is conducting business in Kansas for a nonresident principal. The defendants are doing business in Kansas and have subjected themselves to the jurisdiction of the Kansas courts for actions growing out of such business operations.

In the alternative, the court held that the issues in this case could be tried more conveniently in Illinois than in Kansas and the doctrine of *forum non conveniens* applied. We disagree. The causes of action for operating expenses on the two leases include items for labor and materials furnished in Kansas and the logical place to prove the incurring of such expenses and the reasonableness thereof must be in Kansas where the materialmen, laborers and other evidence are readily available.

The judgment is reversed and the case is remanded to the trial court for further proceedings.