■ JACK S. BURK, Respondent-Appellant, v. JOHN SACKVILLE-PICKARD et al., Appellants-Respondents,— Order, entered May 9, 1967, granting motion to dismiss action on the ground of *forum non conveniens* conditionally, reversed, on the facts and on the law, with $50 costs and disbursements to plaintiff-appellant, and the motion denied, on the ground that the record establishes that defendants were residents of New York at the time of the commencement of this action. Special Term found that defendants were residents of Pennsylvania. A person, however, may have two different residences in two different States. Residence simply requires bodily presence as an inhabitant in a given place. Since defendants were residents of New York at the commencement of the action, there was no discretion in Special Term to dismiss the action for *forum non conveniens.* (See *Rawstorne* v. *Maguire,* 265 N. Y. 204, 207–208; *De la Bouillerie* v. *De Vienne,* 300 N. Y. 60; *White* v. *Boston & Maine R. R.,* 283 App. Div. 482.) Concur — Steuer, J. P., Capozzoli, Tilzer and McNally, JJ.; McGivern, J., dissents and votes to affirm in the following memorandum: I dissent and I would affirm the order of Special Term in its entirety. I do not find that the record establishes that the defendants were residents of New York in such a degree as to compel the acceptance of this foreign oriented litigation. By affidavits, the defendants have categorically sworn they reside at South Valley Road, Paoli, Pennsylvania. As against this avowal, we have an affirmation of an attorney based on information and belief, without any disclosure of the sources of information. This attorney affirms that "defendants maintain such close and continuing contacts within the City, County and State of New York that this Court is a convenient forum". And the principal grounds for this conclusion are that the name of *one* of the defendants appears over a mailbox in an apartment house, and that the wife of the *other* defendant took title to this apartment house upon a transfer to her by a corporation controlled by the defendants. And further, it is said by this attorney that the former defendant's name appears on an application for a charge account at a near-by grocery store. On these few and shifting sands the edifice of "residence" has been erected. The fact the defendants are employed by and are officers of a corporation doing business in a New York office is not sufficient for retention of this action. (*Hammerman* v. *Louis Watch Co.,* 7 A D 2d 817.) Of note is that this office is but one of seven. On this submission, Special Term appropriately found the defendants to be residents of Pennsylvania, as they avowed they were. Nor does the submission and the opinion of Special Term permit the conclusion that when the court dismissed the complaint it acted without consideration of the question whether at the commencement of this action the defendants were residents of New York. The suggestion of duality of place and residence was first advanced on this appeal. And here also, there is nothing in the record to sustain a finding of regularity of abode with intention to remain, concepts invariably associated with an alternative residence. Indeed, the conclusion of the majority on this score is contrary to the determination of this tribunal in *Rosenthal* v. *Brethren of Israel* (13 A D 2d 735 [1st Dept.]). Coming now to *forum non conveniens,* I discern no abuse of discretion by Special Term when it dismissed the action on this ground (*Bata* v. *Bata,* 304 N. Y. 51; *Catapodis* v. *Onassis,* 2 Misc 2d 234). Ninety-nine and 55/100%

of the facets of this litigation radiate from Mississippi, to which State the court properly relegated the action. The note at suit relates to land in Mississippi and was executed in that State, based on an agreement which by its terms is to be interpreted in accordance with the laws of Mississippi or Pennsylvania. The principal debtor has its office in Biloxi, Mississippi, is now in bankruptcy under chapter X in the U. S. District Court for the Southern District of Mississippi. *And all the documents and proof relative to the transaction at issue are now in the possession and control of the Trustee in Bankruptcy, located in Biloxi, Mississippi, in which State most of the prospective witnesses apparently reside.* To further disorient New York from the litigation, the plaintiff is a resident of Baton Rouge, Louisiana, at which place the note is payable. Accordingly, I dissent and vote to affirm the order of Special Term, *in its entirety.*