Andrew G. KISH, Plaintiff and Appellant,

v.

Ernest D. WRIGHT et al., Defendants and Respondents.

No. 14749.

Supreme Court of Utah.

March 30, 1977.

---

James T. Massey of Salt Lake County Bar Legal Services, Salt Lake City, for plaintiff and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for defendants and respondents.

ELLETT, Chief Justice:

Appellant filed a civil rights action in the state district court under 42 U.S.C., Sec. 1983, against the Utah Division of Corrections for alleged denial of appellant's rights at the Utah State Prison. This appeal is now before this Court from an order of the trial court granting respondents' motion to dismiss with prejudice on the ground that the court does not have jurisdiction over a federal civil rights action brought under 42 U.S.C., Sec. 1983; or, in the alternative, that the trial court has discretionary power to refuse jurisdiction of an action brought under this federal statute.

The first ground on which the motion was based—that jurisdiction is not properly vested in the state courts is without merit. 42 U.S.C., Sec. 1983, states as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The accompanying jurisdictional statute, 28 U.S.C., Sec. 1343, states:

> The district courts shall have *original* jurisdiction of any civil action authorized by law to be commenced by any person:
>
> .  .  .  .  .
>
> (3) to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by

any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; . . . . [Emphasis added.]

It seems obvious that the federal statute gives original, but not exclusive jurisdiction to the federal district courts; therefore, it should be concluded that there exists concurrent jurisdiction under the federal statute. This position is supported by the view expressed by the United States Supreme Court that federal jurisdiction is not made exclusive merely because the controversy involves a right under the federal Constitution or under the laws of the United States.[1]

In *Dowd Box v. Courtney,*[2] the United States Supreme Court further stated:

The general question, whether State courts can exercise concurrent jurisdiction with the Federal courts in cases arising under the Constitution, laws and treaties of the United States, has been elaborately discussed, both on the bench and in published treatises . . . (and) the result of these discussions has, in our judgment, been . . . to affirm the jurisdiction, where it is not excluded by express provision, . . . .

Other courts have repeatedly interpreted the federal civil rights statute to give concurrent jurisdiction to state courts.[3]

Retention of subject-matter jurisdiction in civil rights matters by state courts is consistent with the Constitution of Utah,[4] which gives its citizens the "inherent and inalienable" right to petition a state tribunal for redress of grievances in civil actions.

We hold, therefore, that civil rights actions arising under Sec. 1983 of the United States Code can be properly brought within the jurisdiction of this state.

■ The second ground of the trial court's motion which is here challenged by appellant is whether or not the court has discretionary power to refuse to invoke jurisdiction. In this issue we must consider whether or not the state courts have a *duty* to accept subject-matter jurisdiction when concurrent jurisdiction exists with the federal courts under Sec. 1983.

The doctrine of forum non-conveniens has been held applicable in both federal and state courts wherein jurisdiction can be denied and has been held applicable in federal courts even where state law has not recognized the doctrine.[5] This doctrine springs from sound considerations of public policy and as stated in 20 Am.Jur.2d, Courts, Sec. 173 at page 512:

According to this doctrine, where the plaintiff could have brought the action in another court than the court in which he instituted the suit, in other words, had a choice of forum, the court may, in the exercise of sound discretion, decline to assume or exercise jurisdiction of the case brought before it by the plaintiff if it believes that the case may more conveniently, yet justly, proceed in another court before which the plaintiff may bring it after refusal of the exercise of jurisdiction by the court in which the action was first brought.

Further, it has been determined by the United States Supreme Court that the state should decide whether and to what extent the doctrine should prevail in its courts,[6] and that the pre-requisite required is that another alternate, available forum is still

1. *Grubb v. Public Utilities Commission of Ohio,* 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972 (1930); See also 20 Am.Jur.2d, Courts, § 13.

2. 368 U.S. 502, 508, 82 S.Ct. 519, 523, 7 L.Ed.2d 483 (1962).

3. *Brown v. Pitchess,* 13 Cal.3d 518, 119 Cal. Rptr. 204, 531 P.2d 772 (1975); *Horn v. O'Cheskey,* 378 F.Supp. 1280 (D.C.N.M.1974); *Ammlung v. City of Chester,* 355 F.Supp. 1300 (D.C.Pa.1973), affrm'd 3 Cir., 494 F.2d 811 (1974); *Luker v. Nelson,* 341 F.Supp. 111 (D.C.

Ill.1972); *Long v. Dist. of Columbia,* 152 U.S. App.D.C. 187, 469 F.2d 927 (1972).

4. Article I, Sections 1 and 11, U.C.A.1953 as amended.

5. *Giles v. Western Air Lines, Inc.,* 73 F.Supp. 616 (D.C.Minn.1947); 20 Am.Jur.2d, Courts, § 172.

6. *Missouri ex rel. So. R. Co. v. Mayfield,* 340 U.S. 1, 71 S.Ct. 1, 95 L.Ed. 3 (1950).

open to the plaintiff.[7] It has also been stated that:

The act, by conferring concurrent jurisdiction on federal courts and state courts, does not impose a duty on a state court to exercise jurisdiction of a cause of action arising under the act merely because it has acquired jurisdiction over the subject matter and the defendant.[8]

It is a general rule that the trial court's discretion to invoke the doctrine of forum non-conveniens will not be interfered with by an appellate court, absent an abuse of discretion.[9]

The State of Utah has long recognized the doctrine of forum non-conveniens, one of the most significant decisions on this subject being *Mooney v. Denver.*[10] In this case, the Court stated that the trial court has an inherent right to dismiss a cause of action over which it has jurisdiction for the reason that there is a more convenient forum and that federal statutes do not make it mandatory that Utah courts exercise jurisdiction.[11] And in a most recent decision of this Court, it was stated:

There is no provision in our statutes or our rules of procedure expressly authorizing the dismissal of an action on the basis of forum non conveniens. However, as part of the inherent power that our district courts have, as courts of general jurisdiction, they undoubtedly could refuse to exercise jurisdiction if convinced that it would place an unreasonable burden upon some or all of the parties, or upon the court, to try the case here.[12]

While we find that the trial court does have concurrent jurisdiction and the power of discretion as to whether or not it will invoke that jurisdiction in a particular case, we are here confronted with a motion which was granted with prejudice. This is more than a refusal to accept jurisdiction—it is a final determination of the rights of the parties. In *Cannon v. Tuft*[13] this Court stated that the statute[14] provides that an objection to venue be made by motion for change of place of trial rather than by a motion to dismiss. This was to afford the plaintiff the opportunity to move his suit to another forum without harm to his claim.

In the instant matter, the trial court could not move plaintiff's case to federal court but the underlying principle of the *Cannon* case is pertinent here as well. The court should have dismissed the complaint without prejudice to assure that the appellant's right to seek relief in the federal court under Sec. 1983 was protected. If appellant were now to file in federal court, he may be barred from doing so by reason of res judicata.

In *Lombard v. Board of Education of the City of New York,*[15] the court there held the prior state proceeding did not bar a civil rights suit on grounds of res judicata or collateral estoppel. However, its ruling was based on the narrow finding that the federal action was a procedural due process grievance, a constitutional issue which had not been raised by the state court. This distinction can be applied only to the unusual facts of the particular case and should not be construed to expand or modify the theory of res judicata.

In the case before us, a motion to dismiss with prejudice creates the possibility that res judicata will be applied by the federal courts. This will have the legal effect of barring appellant from exercising his right to pursue a remedy under Sec. 1983. Such

**7.** 20 Am.Jur.2d, Courts, § 174; *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

**8.** 20 Am.Jur.2d, Courts, § 182.

**9.** *Gulf Oil Corp. v. Gilbert*, supra; 20 Am. Jur.2d, Courts, § 175; *Winters v. Turner*, 74 Utah 222, 236, 278 P. 816 (1929).

**10.** 118 Utah 307, 221 P.2d 628 (1950).

**11.** Id. at 313–314, 221 P.2d 628.

**12.** *Summa Corp. v. Lancer*, 559 P.2d 544 (Utah 1977).

**13.** 3 Utah 2d 410, 285 P.2d 843, 844 (1955).

**14.** 78–13–8, U.C.A.1953 as amended.

**15.** 502 F.2d 631 (2 Cir. 1974).

is contrary to the intent of the federal statute as well as the federal and state constitutions. It further fails to satisfy the required pre-requisite [16] in that an alternate, available forum is not open to appellant because of the finality of the judgment. It is our opinion that the trial court's decision went beyond its discretionary powers and prejudiced the rights of the appellant.

The trial court correctly assessed the discretionary power of the courts to refuse subject-matter jurisdiction, but it was in error when it determined that jurisdiction, could not properly be invoked by the state courts. However, the granting of a motion to dismiss with prejudice constitutes plain error which has substantially affected the rights of the plaintiff. For this reason, the judgment is reversed as to the granting of the motion with prejudice but is otherwise affirmed. The case is remanded with directions to issue an order to dismiss without prejudice. No costs are awarded.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.