SARTAIN, Judge.
We granted a writ in this cause to consider the validity of a district court’s ex *203 parte order transferring plaintiff’s action to another venue.
The facts leading up to the instant controversy are not in dispute. Plaintiff instituted the original action in the 23rd Judicial District Court for the Parish of Ascension. Defendants answered and discovery procedure was commenced. Thereafter plaintiff submitted to the district judge an ex parte order decreeing that this action be transferred to the 19th Judicial District Court in East Baton Rouge Parish.
The defendants then filed a motion in the East Baton Rouge Parish court seeking to have the case transferred back to the Ascension Parish court. Plaintiff opposed the motion on the grounds that the East Baton Rouge Parish court was without authority to review the order of the Ascension Parish court.
 Although we have no written or oral reasons from the East Baton Rouge Parish court, we glean from the pleadings filed therein that the judge of that court agreed with the position taken by the plaintiff and declined to order the matter re-transferred to the Ascension Parish court. We agree with the position taken by the East Baton Rouge Parish court as to do so would have put that court in a position of reviewing a decision of a sister court. However, we disagree with the ex parte order entered by the Ascension Parish court.
C.C.P. art. 123 provides as follows:
Art. 123. Forum non conveniens
For the convenience of the parties and the witnesses, in the interest of justice, a district court upon contradictory motion, or upon the court’s own motion after contradictory hearing, may transfer a civil case to another district court where it might have been brought, provided, however, that no suit brought in the parish of which the plaintiff is domiciled, and which court is otherwise a court of competent jurisdiction and proper venue, shall be transferred to any other court pursuant to this article.
The article by its specific terms decrees that a motion for change of venue can be granted only upon and after a contradictory motion and hearing.
Accordingly, for the above reasons, the writ previously issued herein is made peremptory and the order of the 23rd Judicial District Court for the Parish of Ascension dated October 2, 1978, ordering this suit transferred to the 19th Judicial District Court for the Parish of East Baton Rouge is hereby rescinded, recalled and vacated and this cause is hereby remanded to the 23rd Judicial District Court for further proceedings in accordance with law. All costs relating to the change of venue are assessed against the plaintiff. All other costs are to await a final determination on the merits.
WRIT MADE PEREMPTORY, REVERSED AND REMANDED.