**Westerby v. Johns-Manville Corp.**

*Joseph D. Shein,* for plaintiff.
*Dudley Hughes,* for UNARCO Industries.
*Joseph R. Thompson,* for Eagle-Picher Industries.
*Joseph H. Foster,* for H.K. Porter Co.
*Walter Meeley,* for GAF Corp. and Keene Corp.

TAKIFF, *J.,* November 16, 1982—Plaintiff, presently a resident of the State of Nebraska, instituted the instant action to recover for injuries allegedly sustained as a result of his exposure to asbestos-containing products supplied by defendants during the course of his employment either in the State of New Jersey, where plaintiff engaged in summer employment from 1959 through 1963, or in the State of Nebraska where plaintiff has since worked. Contending that Philadelphia County has no connection or nexus with either plaintiff or the situs out of which plaintiff's cause of action arises and that this suit could more conveniently be litigated in another forum, defendants Eagle-Picher Industries, Inc., GAF Corporation, Keene Corporation, H. K. Porter Company, Inc. and Unarco Industries, Inc. preliminarily objected to plaintiff's complaint on the grounds of forum non conveniens. By order dated August 31, 1982, this court sustained defendants' preliminary objections and dismissed plaintiff's complaint upon condition that no defendant raise the statute of limitations as a defense in the alterna-

tive forum beyond that which was asserted and established under the law and facts extant at the time of filing and/or service of plaintiff's original process in this jurisdiction. On September 15, 1982, plaintiff petitioned the court to reconsider its ruling. Thereafter, on September 28, 1982, upon consideration of said petition, supporting memoranda filed, and after oral argument held on September 21, 1982, this court granted plaintiff's request and undertook reconsideration of the instant matter. We now affirm our ruling. Prompted by arguments briefed by counsel in the instant petition, we deem a more detailed explication of our rationale is appropriate.

## FORUM NON CONVENIENS

The doctrine of forum non conveniens vests the trial court with the discretionary power to refuse to exercise a possessed jurisdiction whenever, because of varying factors, it is determined that trial in the chosen forum would be inappropriate. Plum v. Tampax, Inc., 399 Pa. 553, 160 A.2d 549 (1960). See generally Blair, The Doctrine of Forum Non Conveniens in Anglo-American Law, 29 Colum. L. Rev. 1 (1929); Dainow, The Inappropriate Forum, 29 Ill. L. Rev. 867 (1935); Morley, Forum Non Conveniens: Restraining Long-Arm Jurisdiction, 68 NW. U. L. Rev. 24 (1973); Enlightened Forum Non Conveniens Policy: A Remedy for Plaintiff's Jurisdictional Overreaching, 16 Wayne L. Rev. 1162 (1970); Restatement (Second), Conflict of Laws §84 (1971); 20 Am. Jur. 2d Courts §§172-182 (1965). The purpose of the doctrine, it has been stated, is to "permit a trial court to go beyond technical jurisdictional considerations and to focus instead on how justice can be best served in a particu-

lar case." Forum Non Conveniens in Georgia: A Critical Analysis and Proposal for Adoption, 7 Ga. L. Rev. 744 (1973).

The doctrine, equitable in nature, is generally presumed to have originated in the common law of Scotland in the late 1800's, where it found widespread acceptance. See Barrett, The Doctrine of Forum Non Conveniens, 35 Calif. L. Rev. 380, 386-87 (1947); Braucher, The Inconvenient Federal Forum, 60 Harv. L. Rev. 908, 909-11 (1947); Gibb, International Law of Jurisdiction (1926); Gloag and Henderson, Introduction to the Law of Scotland (1927). The Latin term itself was introduced into American jurisprudence by a law review writer in 1929, see Barrett, supra at 388, and, despite initial skepticism over the propriety of this novel legal precept, the doctrine of forum non conveniens has been recognized and accepted by our federal courts,[1] and is now firmly imbedded in the law of

---

1. The United States Supreme Court introduced the principle of forum non conveniens into federal diversity jurisdiction in Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947) and its companion case, Koster v. American Lumbermen's Mut. Cas. Co., 330 U.S. 518 (1947). See also De Mateos v. Texaco, Inc., 562 F.2d 895 (3d Cir. 1977), cert. denied, 435 U.S. 904 (1978); Fitzgerald v. Texaco, Inc., 521 F.2d 448 (2d Cir. 1975), cert. denied, 423 U.S. 1052 (1976). Soon after these two seminal Supreme Court cases were decided, Congress enacted the Judicial Code of 1948 creating 28 U.S.C. §1404(a) which provides: "For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404 (a) (1976). Although the statute was drafted in accordance with the common law doctrine, see Revisor's Note, H.R. Rep. No. 308, 80th Cong., 1st Sess., A 132 (1947); H.R. Rep. No. 2646, 79th Cong., 2d Sess., A 127 (1946), it was intended to be a revision rather than a codification of forum non conveniens. Piper Aircraft Co.

virtually all American jurisdictions.[2]

The Pennsylvania Supreme Court, in Plum v. Tampax, Inc., 399 Pa. 553, 160 A.2d 549 (1960), embraced the doctrine and enunciated the standards governing its application. In Plum, plaintiff commenced her action by writ of foreign attachment, naming certain garnishees, and, thereafter,

v. Reyno, 425 U.S. 235, 70 L.Ed.2d 419 (1981). The non-statutory doctrine, though not dead at the federal level, see Altman v. Central of Ga. Ry., 254 F.Supp. 167 (D.D.C. 1965), is now infrequently used, however, since a transfer under §1404(a) requires a lesser showing of inconvenience than a dismissal under traditional forum non conveniens principles. Norwood v. Kirkpatrick, 349 U.S. 29 (1955).

2. See e.g., Alabama: Central of Georgia Railway Co. v. Phillips, 286 Ala. 365, 240 So. 2d 118 (1970); Arizona: First National Bank and Trust Co. v. Pomona Machinery Co., 107 Ariz. 286, 486 P.2d 184 (1971); Arkansas: Harvey v. Eastman Kodak Co., 271 Ark. 783, 610 S.W.2d 582 (1981); Running v. Southwest Freight Lines, Inc., 227 Ark. 839, 303 S.W. 2d 578 (1957); California: Price v. Atchison, T. & S.F. Ry., 42 Cal. 2d 577, 268 P.2d 457, cert. denied, 348 U.S. 839 (1954); Delaware: Texas City Refining, Inc. v. Grand Bahama Petroleum Co., Ltd., 347 A.2d 657 (Del. 1975); Winsor v. United Airlines, Inc., 52 Del. 161, 154 A.2d (Del. Super. 1958); District of Columbia: Washington v. May Department Stores, 388 A.2d 484 (D.C. App. 1978); Florida: Seaboard Coast Line Railroad Co. v. Swain, 362 So. 2d 17 (Fla. 1978); Southern Ry. v. McCubbins, 196 So. 2d 512 (Fla. App. 1967); Illinois: Espinosa v. Norfolk and Western Railway Co., 86 Ill. 2d 111 (1981); Whitney v. Madden, 400 Ill. 185, 79 N.E. 2d 593, cert. denied, 335 U.S. 828 (1948); Indiana: Killearn Properties, Inc. v. Lambright, 176 Ind. App. 684, 377 N.E. 2d 417 (1978); Iowa: Powell v. Khodarr-Intergreen Co., 303 N.W. 2d 171 (Iowa 1981); Kansas: Klippel v. Herntz, 644 P.2d 428 (Kan. 1982); Quillin v. Hesston Corp., 640 P.2d 1195 (Kan. 1982); Kentucky; Knight v. Pennsylvania R.R. Co., 280 Ky. 191, 132 S.W. 2d 950 (1939); Williams v. Indiana Refrigerator Lines, Inc., 612 S.W. 2d 350 (Ky. App. 1981): Louisiana; Pleasan v. Liberty Mutual Ins. Co., 368 So. 2d 202 (La. App. 1979); Smith v. Globe Indemnity Co., 243 So.2d 882 (La. App. 1971);

filed a complaint in equity against defendant for an accounting. By preliminary objections, defendant challenged the jurisdiction of the court to adjudi-

Maine: Tyson v. Whitaker & Son, Inc., 407 A.2d 1 (Me. (1979); Foss v. Richards, 126 Me. 419, 139 A. 313 (1927); Maryland: Springle v. Cottrell Engineering Corp., 40 Md. App. 267, 391 A.2d 456 (1978); Massachusetts: Universal Adjustment Corp. v. Midland Bank, 281 Mass. 303, 184 N.E. 152 (1933); Michigan: Anderson v. Great Lakes Dredge & Dock Co., 411 Mich. 619, 309 N.W. 2d 539 (1981); Minnesota: Willoughby v. Hawkeye-Security Ins. Co., 291 Minn. 509, 189 N.W. 2d 165 (1971); Mississippi: Illinois Central Gulf Railroad v. Stedman, 344 So. 2d 468 (Miss. 1977): Strickland v. Humble Oil & Refining Co., 194 Miss. 194, 11 So. 2d 820 (1943); Missouri: Carwell v. Copeland, 631 S.W.2d 669 (Mo. App. 1982); Montana: Bevacqua v. Burlington Northern, Inc., 598 P.2d 1124 (Mont. 1979); Nebraska: Qualley v. Chrysler Credit Corp., 191 Neb. 787, 217 N.W. 2d 914 (1974), overruling Herrmann v. Franklin Ice Cream Co., 114 Neb. 468, 208 N.W. 141 (1926); Nevada: Buckholt v. The Second Judicial Dist. Ct. of State of Nevada, 94 Nev. 631, 584 P.2d 672 (1978); New Hampshire: Forbes v. Boynton, 113 N.H. 619, 313 A.2d 129 (1973); New Jersey: Gore v. United States Steel Corp., 15 N.J. 301, 104 A.2d 670 (1954); New Mexico: Mclam v. Mclam, 85 N.M. 196, 510 P.2d 914 (1973); Torres v. Gamble, 75 N.M. 741, 410 P.2d 959 (1966); New York: Silver v. Great American Insurance Co., 29 N.Y. 2d 356, 278 N.E. 2d 619, 328 N.Y.S. 2d 398 (1972); North Carolina: Motor Inn Management, Inc. v. Irvin-Fuller Development Co., Inc. 46 N.C. App. 707 (1980); Oklahoma: St. Louis-San Francisco Ry. Co. v. Superior Court, 276 P.2d 773 (Okla. 1954); Oregon: Myers v. Brickwedel, 259 Or. 457, 486 P.2d 1286 (1971); South Carolina: Braten Apparel Corp. v. Bankers Trust Co., 273 S.C. 663, 259 S.E. 2d 110 (1979); Tennessee: Zurick v. Inman, 221 Tenn. 393, 426 S.W. 2d 767 (1968); Texas: Flaiz v. Moore, 359 S.W.2d 872 (Tex. 1962); Utah: Kish v. Wright, 562 P.2d 625 (Utah 1977); Vermont: Burrington v. Ashland Oil Co., Inc., 134 Vt. 211, 356 A.2d 506 (1976); Virginia; Aetna Cas. & Sur. Co. v. Price, 206 Va. 749 (1966); Washington: Johnson v. Spider Staging Corp., 87 Wash. 2d 577, 555 P.2d 997 (1976); Wisconsin: U.I.P. Corp. v. Lawyers Title Insurance Corp., 82 Wis. 2d 616, 264 N.W. 525 (1978).

cate the matter, asserting that all of the relief sought by plaintiff involved the internal affairs of a foreign corporation. The trial court sustained the objections and dismissed the complaint. Plaintiff appealed.

The Supreme Court initially noted that the question presented was not whether the court had jurisdiction, which it unquestionably did, but whether the court should exercise the jurisdiction it had, a determination left to the sound discretion of the trial court. Although the court restated the well-settled rule that Pennsylvania courts will generally not take jurisdiction for the purpose of regulating or interfering with the internal management or affairs of a foreign corporation, see e.g., Kahn v. American Cone & Pretzel Co., 365 Pa. 161, 74 A.2d 160 (1950), it concluded that the instant case did not fall within the ambit of the "internal affairs" doctrine and, therefore, was not subject to mandatory dismissal. Id. at 559. The court nevertheless indicated that it was well within the discretionary power of the trial court, after weighing various factors, to decline to exercise its jurisdiction and dismiss the suit under the doctrine of forum non conveniens. The court stated:

It is well within the power of the court, in the interests of justice, to decline to exercise its jurisdiction where, upon consideration of the parties, the witnesses, the situs of the cause of action and other kindred reasons, the litigation can more appropriately be conducted in another forum. See Gulf Oil Corp. v. Gilbert, supra, Koster v. Lumbermen's Mut. Casualty Co., 330 U.S. 518 (1947). The American Law Institute, in its Restatement (Second), Conflict of Laws (Tentative Draft No. 4 April 5, 1957), formulates the rule this way: "§117c. FORUM NON CONVENIENS. While the plaintiff ordinarily controls choice of the forum, a court does not exercise

jurisdiction if it is a seriously inappropriate forum for the trial of the action so long as an appropriate forum is available to the plaintiff." Whether a suit should be dismissed under the doctrine of forum non conveniens will depend largely upon the particular facts and upon the discretion of the trial court. Such exercise of discretion will be overruled on appeal only when abused.

The factors for the lower court to consider in making its determination are succinctly put in the comments to § 117c of the Restatement. "c. Factors to be considered. The two most important factors look to the court's retention of the case. They are (1) that since it is for the plaintiff to choose the place of suit, his choice of a forum should not be disturbed except for weighty reasons, and (2) that the action will not be dismissed in any event unless an alternative forum is available to the plaintiff. Because of the second factor, the suit will be entertained, no matter how inappropriate the forum may be, if defendant cannot be subjected to jurisdiction in other states. The same will be true if plaintiff's cause of action would elsewhere be barred by the statute of limitations, unless the court is willing to accept defendant's stipulation that he will not raise this defense in the second state.

"The remaining factors can best be grouped under the two principal interests involved: those of the parties and those of the public. This has been done as follows by Mr. Justice Jackson in Gulf Oil Corp. v. Gilbert, 380 U.S. 501, 508 (1947): 'If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of

proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibilty of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to a fair trial. . . .

" 'Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. There is an appropriateness, too, in having the trial in a form that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.' " Id. at 560-62 (footnotes omitted).

Based on the foregoing standards, the court concluded that a Pennsylvania court would be an inappropriate forum to litigate the matter before it.[3]

---

3. The court relied on the following factors: both parties were nonresidents, plaintiff being a Danish subject and defendant a foreign corporation not having registered to do business or maintaining any offices in this state; the contract underlying the suit was entered into in Copenhagen, Denmark, and was to be performed outside this Commonwealth; the contract provided that any disagreements over its provisions should be settled in accordance with the laws of Denmark; all defendants' witnesses and pertinent books and records were located outside Pennsylvania; and finally, the court noted that plaintiff sought to extend the court's processes and equity power beyond our borders, on the strength of assets reached only by the writ of foreign attachment.

However, because the court below made no determination concerning the availability of an alternative forum or the possibility of a statute of limitations problem, the case was remanded for further proceedings in accordance with this opinion.[4]

In the most recent pronouncement by the Pennsylvania Supreme Court on the doctrine of forum non conveniens, albeit in a plurality opinion,[5] the court quoted at length the standards articulated in Plum, supra, and held that the lower court did not abuse its discretion in dismissing the within actions on the grounds of forum non conveniens. In Rini v. N. Y. Central Railroad Co., 429 Pa. 235, 240 A.2d 372 (1968), plaintiffs in three cases consolidated for appeal, commenced actions in the Court of Common Pleas for Allegheny County under the Federal Employers' Liability Act to recover for personal injuries sustained during the scope of their employment. In Rini, the accident occurred in Cleveland, Ohio where plaintiff resided. Plaintiff was confined in two hospitals in Cleveland and none of the proposed witnesses were residents of Allegheny County. A similar situation obtained in Brant v. New York Central Railroad Company. Finally, in Masterson v. New York Central Railroad Company, plaintiff was a resident of Erie, Pennsylvania, as were all five of

---

4. On remand, the trial court invoked the doctrine of forum non conveniens in accordance with the above opinion and dismissed the complaint. The Supreme Court affirmed this order on appeal holding that the trial court properly exercised its discretion in refusing jurisdiction. Plum v. Tampax, Inc., 402 Pa. 616, 168 A.2d 315, cert. denied, 368 U.S. 826 (1961).

5. Mr. Chief Justice Bell wrote the opinion of the court and was joined by Justices Eagen and O'Brien. Mr. Justice Jones concurred in the result. Dissenting opinions were filed by Justices Musmanno, Cohen and Roberts.

plaintiff's physicians, and the accident in question occurred in Westfield, New York.

Relying on the standards set forth in Plum, supra, which essentially adopted verbatim the relevant considerations articulated by Mr. Justice Jackson in Gilbert, supra, the court held that defendant presented the "weighty reasons" necessary to tip the scale in favor of ousting plaintiffs from their chosen forum. The court stated: "In each of the present cases, the cause of action arose outside of the Commonwealth of Pennsylvania; neither the plaintiffs nor any of the witnesses reside in or have any connection with Allegheny County, nor are the witnesses within subpoena range of the Court of Common Pleas of Allegheny County." Id. at 240 (Emphasis in original). Accordingly, the court held that the trial judge properly declined to exercise its jurisdiction in the instant matter and pointed out that an opposite conclusion would virtually eliminate the doctrine of forum non conveniens from Pennsylvania Law. See also Daugherty v. Inland Tugs Company, 240 Pa. Super. 527, 359 A.2d 465 (1976) (contacts with Pennsylvania so slight that lower court abused its discretion in dismissing defendants' preliminary objections on grounds of forum non conveniens); Norman v. Norfolk and Western Railway Company, 228 Pa. Super. 319, 323 A.2d 850 (1974) (on balance, in light of Rini, dismissal of defendant's preliminary objections on grounds of forum non conveniens constitutes abuse of discretion where only contact with forum is residence of plaintiff's expert witness). Miller v. Gay, 6 P.C.R. 294 (1981); Anderson v. Lykes Bros. Steamship Co., 8 D. & C. 3d 607 (1979). But see Walker v. Ohio River Company, 416 Pa. 149, 205 A.2d 43 (1964) (on facts strikingly similar to Rini, held that

lower court abused its discretion in dismissing suit on grounds of forum non conveniens).

After reviewing the applicable Pennsylvania case law and cognizant of the great deference that is to be accorded plaintiff's choice of forum, we hold in the instant case that a Pennsylvania court would provide an inappropriate trial forum. We previously stated:

"The plaintiff is not a resident of Pennsylvania, hence the interest that a community has in providing a forum for its residents to litigate their differences is not a relevant consideration. See, e.g., Bolanos v. Gulf Oil Corporation, 502 F. Supp. 689, 691 (W.D. Pa. 1980). The pertinent events giving rise to this cause of action occurred outside of the Commonwealth of Pennsylvania and trial here might well involve the application of foreign law. The witnesses such as plant employees or co-workers who would be required to testify in this case and any pertinent business and medical records pertaining to the activities and/or treatment of the plaintiff will most likely be located either in the State of New Jersey or the State of Nebraska. It is apparent, therefore, that unnecessary inconvenience and additional cost would be engendered by allowing this action to be litigated here. Neither prospective nonresident witnesses, such as fellow workers or treating physicians residing in New Jersey or Nebraska, nor relevant documents, such as employment or hospital records, are within the subpoena power of this court. Moreover, in view of the paucity of contacts that the instant litigation has with the Commonwealth of Pennsylvania, absent compelling reasons, appropriate weight should be given to the desirability of having a Pennsylvania judge interpret and apply the law of another jurisdiction to determine the respective rights and duties of the parties

in question. The only discernible contact that this case has with Pennsylvania is the location of plaintiff's counsel, and we refuse to recognize this as a compelling consideration. In sum, the circumstances presented in the instant case supply the "weighty reasons" necessary to disturb this plaintiff's choice of forum." Westerby v. Johns Manville Corp., No. 8108-681 (671) (Phila. C.C.P. August 31, 1982) at 4-5 (footnotes omitted).

Plaintiff has raised several arguments in his petition for reconsideration and we now address them each seriatim.

We initially dispose of plaintiff's constitutional argument. Plaintiff contends that dismissal of the instant action constitutes a deprivation of rights guaranteed by the Privileges and Immunities Clause, Art. IV, §2, as well as the Full Faith and Credit Clause, Art. IV, §1, of the United States Constitution.

The privileges and immunities clause prevents, inter alia, a court from discriminating between suits on the basis of the parties' "citizenship.[6]" However, it does not prohibit states from properly refusing to entertain suits on the basis of the residency of the parties. As the United States Supreme Court stated in Missouri ex rel. Southern Ry. Co. v. Mayfield, 340 U.S. 1 (1950):

"By reason of the Privileges-and-Immunities Clause of the Constitution, a State may not discriminate against citizens of sister States. Art. IV, §2. Therefore Missouri cannot allow suits by non-resident Missourians for liability under the Federal Em-

---

6. U.S. Const. Art. IV, §2: "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States. . . ."

ployers' Liabilty Act arising out of conduct outside that State and discriminatorily deny access to its courts to a non-resident who is a citizen of another State. But if a State chooses to "prefer residents in access to often overcrowded Courts" and to deny such access to all non-residents, whether its own citizens or those of other States, it is a choice within its own control." Id. at 3-4. See also Douglas v. New York, N. H. & H. R. Co., 279 U.S. 377 (1929); Restatement (Second), Conflict of Laws §84, Comment i (1971). Dismissal of the instant case, based inter alia on the residence, not citizenship, of the respective parties clearly does not run afoul of the constitutional principles embodied in the privileges and immunities clause. We hasten to point out that had Mr. Westerby been a non-resident citizen of Pennsylvania, a similar result would have obtained. Additionally, it is manifestly clear to us that plaintiff has not been deprived of any rights guaranteed by the full faith and credit clause.[7] See Hughes v. Fetter, 341 U.S. 609 (1951); Restatement (Second), Conflict of Laws §84, Comment i (1971).

Plaintiff next asserts that our analysis and holding in the instant case is erroneous as a matter of law. In support thereof, plaintiff initially contends that our reliance on Rini, supra, a plurality opinion of our Supreme Court, was improper.

In Westerby, we stated that "[t]he appropriate standards for determining what interests and factors the Court should consider in determining whether a suit should be dismissed under the doctrine of forum non conveniens were articulated by

---

7. U.S. Const. Art. IV, §1: "Full Faith and Credit shall be given in each State to the Public Acts, Records, and Judicial Proceedings of every other State. . . ."

the Pennsylvania Supreme Court in Rini v. N. Y. Central Railroad Co., 429 Pa. 235, 240 A.2d 372 (1968)." Westerby v. Johns-Manville Corp., No. 8108-681 (671) (Phila. C.C.P. August 31, 1982) at 2. We then quoted at length a portion of the Rini opinion which in turn was a direct quote from the seminal unanimous opinion of the Pennsylvania Supreme Court in Plum v. Tampax, Inc., supra.[8]

While we agree that a Pennsylvania trial judge is not bound by a plurality decision of this Commonwealth's Supreme Court, see Mt. Lebanon v. County Board of Elections, 470 Pa. 317, 368 A.2d 648 (1977); Bata v. Central-Penn Bank, 448 Pa. 355, 293 A.2d 343 (1972), cert. denied, 410 U. S. 960 (1973); Vargus v. Pitman Mfg. Co., 675 F.2d 73 (1982), we fail to recognize the relevance of this concept in the context of the instant case. It bears repeating that the appropriateness of invoking forum non conveniens depends on the totality of the circumstances in a particular case. When, after weighing these various factors, it is determined that the ends of justice will be furthered by its application, the rationale of the doctrine requires dismissal. The trial court's exercise of sound judicial discretion in this regard is the yardstick by which the administration of justice is ultimately measured. Rini simply reiterated the benchmarks which guide the court in deciding whether or not to refuse to exercise a possessed jurisdiction in a particular case, criteria originally enunciated by the United States Supreme Court in Gilbert, supra, and adopted by a unanimous Pennsylvania Supreme Court in Plum, supra. While we admit that the specific holding of Rini arguably conflicts with a prior unanimous pro-

---

8. See pp. 6-7, supra, for the relevant portion of Plum.

nouncement of our Supreme Court, see Walker, supra, plaintiff cannot seriously contend that the factors and guideposts recited therein, which serve to assist the court in exercising its discretion, are improper or inappropriate. Contrary to plaintiff's protestations, nothing in the Walker opinion mandates a contrary result in the instant case.

Alternatively, plaintiff contends that our decision was incorrect since Pennsylvania law prohibits the application of forum non conveniens where, as here, a Pennsylvania corporation is a party defendant. We note at the outset that our research has failed to disclose a Pennsylvania court which has squarely dealt with this narrow issue. The reasoned view, however, and the approach adopted by the majority of jurisdictions which have addressed the question acknowledges the forum residence of a party as an important factor militating against dismissal on forum non conveniens grounds, but certainly not dispositive.[9] To hold otherwise would effectively strip the doctrine of the flexibility needed to make it a legitimate and viable tool for declining jurisdiction when plaintiff has unfairly or unreasonably invoked the jurisdiction of an inconvenient forum.

Illustrative of this analysis is the New York experience. The courts there originally precluded invocation of the doctrine of forum non conveniens

---

9. We note parenthetically that the residence in Pennsylvania of plaintiff Masterson in Rini, supra, arguably of more import than the forum residence of one or two corporate defendants in a multi-party suit as here involved, see Thompson v. Continental Ins. Co., 66 Cal. 2d 733, 742, 59 Cal. Rptr. 101, 427 P.2d 765 (1967), was not even addressed by the court as a consideration in its discussion and application of forum non conveniens.

when either plaintiff or defendant was a resident of the state. See de la Bouillerie v. de Vienne, 300 N.Y. 60, 62, 89 N.E. 2d 15, 15-16, rehearing denied, 300 N.Y. 644, 90 N.E. 2d 496 (1949). See also Oliner v. Canadian Pac. Ry., 34 App. Div. 2d 310, 311 N.Y.S. 2d 429, aff'd., 27 N.Y. 2d 988, 267 N.E. 2d 480, 318 N.Y.S. 2d 745 (1970); Burk v. Sackville-Packard Corp., 29 App. Div. 2d 515, 285 N.Y.S. 2d 214 (1st. Dept. 1967) (per curiam). However, cognizant of the potential nullification of this meritorious defense in a class of cases where, but for the New York residence of one of the parties the doctrine would properly apply, the New York Court of Appeals relaxed this rigid mandate, reversed its prior position, and held in Silver v. Great American Ins. Co., 29 N.Y. 2d 356, 278 N.E.2d 619, 328 N.Y.S. 2d 398 (1972) that residence would no longer be a controlling factor in the forum non conveniens lexicon. The Silver court stated:

"The great advantage of the forum non conveniens doctrine — its flexibilty based on the facts and circumstances of a particular case — is severely, if not completely, undercut when our courts are prevented from applying it solely because one of the parties is a New York resident or corporation." 29 N.Y. 2d at 361, 278 N.E. 2d at 622, 328 N.Y.S. 2d at 402-03. See also Forum Non Conveniens — Closing the Gap Between the Procedural Rights of Residents and Non-residents in New York State, 58 Cornell L. Rev. 782 (1973). Several other courts have reached similar conclusions. See, e.g., Koster v. Lumbermen's Mut. Cas. Co. 330 U.S. 518, 525 (1947); Lalva v. American Air Lines, Inc., 177 F.Supp. 238 (D.Minn. 1959); Gonzales v. Atchison, T. & S.F. Ry., 189 Kan. 689, 371 P.2d 193 (1962); Cressey v. Erie R.R., 278 Mass. 284, 180 N.E. 160 (1932); Gore v. United States Steel Corp., 15 N.J.

301, 104 A.2d 670 (1954). But see Seaboard Coast Line Railroad Co. v. Swain, 362 So. 2d 17 (Fla. 1978) (forum non conveniens applicable only when all parties are nonresidents). We find the Silver rationale persuasive and, therefore, refuse to disturb our decision solely because an unspecified number of the multiple defendants in the instant case are Pennsylvania corporations. To so restrict application of the doctrine would unnecessarily bind the hands of the trial judge whose duty is to sift and weigh the pertinent considerations in order to make the controlling determination of how justice can best be served in a particular case.

In our earlier opinion in this case we emphasized that dismissal on forum non conveniens grounds is proper only if an appropriate alternative forum is available for plaintiff to pursue his claims. We noted that if plaintiff would be prejudiced in seeking redress in the alternative forum because, inter alia, of an inability to obtain personal jurisdiction over defendants, the action should not be dismissed. Plaintiff contends that given the exigencies of recent events, he is unable to gain personal jurisdiction over at least two defendants in the instant action if suit were reinstituted in another forum.

On July 29, 1982, Unarco Industries, Inc. (UNARCO) and its affiliated companies filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Reform Act of 1978, 11 U.S.C. §101 et seq., in the United States Bankruptcy Court for the Northern Disrict of Illinois. On August 26, 1982, Johns-Manville Corporation (Johns-Manville) similarly filed a Chapter 11 petition in the Southern District of New York. Pursuant to 11 U.S.C. §362(a),[10] the commencement and continuation of

10. Section 362(a) provides in pertinent part:

"(a) Except as provided in subsection (b) of this section, a

all actions, proceedings and claims against both UNARCO and Johns-Manville have automatically been stayed pending further action by the bankruptcy courts. Accordingly, plaintiff contends that no "appropriate alternative forum" is available for him to fully pursue his claims since Johns-Manville and UNARCO, presently within the jurisdiction of this court, are not amenable to suit in any other forum. Hence, it is argued that dismissal of the instant action will severely prejudice plaintiff. This contention, however, is specious.

In arguing that he is unable to pursue his claims against Johns-Manville and UNARCO in an alternative forum, plaintiff fails to acknowledge his correlative inability to pursue such claims in the instant forum because of the pending bankruptcy proceedings. Section 362(a) not only precludes plaintiff from commencing any new action against the bankrupt defendants, it also prohibits the continuation of any action which has already been instituted. Pursuant to this court's fourteenth pretrial order and our opinion and order in Matthews v. Johns-Manville Corp., No. 7901-4502 (131) Case No. 1, (Phila. C.C.P. September 24, 1982), plaintiffs or defendants in any asbestos-related cases pending before this court can, by filing a praecipe, effectuate severance of the bankrupt defendants thereby permitting the claims against the solvent co-defendants to proceed unabated. We held that while the

---

petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor, that arose before the commencement of the case under this title."

stay remained effective as to Johns-Manville and UNARCO, nothing in the bankruptcy laws hinders the presentation or continuation of an individual plaintiff's claims against the remaining co-defendants. Therefore, assuming we retained jurisdiction in the instant case and Mr. Westerby thereafter elected to sever the bankrupt-debtors, plaintiff would be able to proceed only against the non-bankrupt defendants, and, pursuant to the bankruptcy laws, any claims he had against Johns-Manville and UNARCO would be held in abeyance until such time as the statutory stay was lifted. An identical result will obtain when, in accordance with our prior order, the instant suit is reinstituted in another forum. Hence it is readily apparent that no prejudice will inure to plaintiff as a result of the dismissal since Mr. Westerby will be in the same position in another jurisdiction as he is in the instant forum.

Assuming, arguendo, the appropriateness of our analysis in the instant case, plaintiff now contends that our order dismissing plaintiff's complaint against *all* defendants was overbroad since only the preliminary objections of defendants Eagle-Picher Industries, Inc., GAF Corporation, Keene Corporation, H. K. Porter Company, Inc., and UNARCO Industries, Inc. were properly before the court. It is therefore contended that all other defendants, either by affirmative act or by omission, have waived any challenge to the instant forum and that this court's sua sponte consideration of forum non conveniens as to those non-objecting defendants was patently improper.

With certain exceptions (not applicable here), Pa. R.C.P. 1032 provides that a party waives all defenses and objections which are not presented either by preliminary objection, answer or reply.

Plaintiff asserts that objection to the forum on the grounds of forum non conveniens must be made by preliminary objection pursuant to Pa. R.C.P. 1017(b)(1), and if not so presented, the objection is waived and cannot be raised by the court on its own motion. In support thereof, plaintiff cites Wolf v. Weymers, 285 Pa. Super. 361, 427 A.2d 678 (1981), where the court stated:

"It is settled law that the right to raise the objection of venue is a mere personal privilege belonging to the defendant which may be waived by that defendant; and that, unlike the question of subject matter jurisdiction, it is generally held that the court on its own motion may not order a change of venue, nor may it dismiss for improper venue."

Id. at 680-81. See also Encelewski v. Associated-East Mortgage Co., 262 Pa. Super. 205, 396 A.2d 717 (1978) (if not raised preliminarily, objection to personal jurisdiction is waived); Hohlstein v. Hohlstein, 223 Pa. Super. 348, 296 A.2d 886 (1972); Yohey v. Yohey, 205 Pa. Super. 329, 208 A.2d 902 (1965). Wolf and the above cited cases deal with venue and personal jurisdiction, concepts related to, but quite different from the doctrine of forum non conveniens and, therefore, are inapposite. More importantly, however, plaintiff ignores a provision in our present long-arm statute which specifically authorizes the trial court's sua sponte invocation of the forum non conveniens doctrine when, in the interest of substantial justice, it is determined that the matter should be heard in another forum.[11]

---

11. Several jurisdictions, either through statute or case law, recognize the inherent power of a trial judge to raise sua sponte the objection that an action has been instituted in a forum non conveniens. See, e.g., Avila v. Chamberlain, 119 Ariz. App. 369, 372, 580 P.2d 1223 (1978); Wilburn v. Wilburn, 192 A.2d 797, 800-801 (D.C.App. 1963); Killearn

See 42 Pa. C.S. §5322(e) (Purdon's 1981). See also Koenig v. International Bro. of Boilermakers, 284 Pa. Super. 558, 426 A.2d 635, 643-45 (1980).

Modelled after section 1.05 of the Uniform Interstate and International Procedure Act which has been adopted in several states, 42 Pa. C.S. §5322(e) provides:

"(e) Inconvenient forum. — When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any condition that may be just." While the statute does not explicitly refer to the doctrine of forum non conveniens, the considerations which govern the applicability of forum non conveniens are relevant when the court applies 42 Pa. C.S.A. §5322(e). See Koenig,[12] supra. See also Washington v. May Department Stores, 388 A.2d 484 (D.C. App. 1978) (court used forum non conveniens criteria in applying D.C. Code 1973, §13-425 which is substantially similar to 42 Pa. C.S.A. §5322(e); Na-

Properties, Inc. v. Lambright, 176 Ind. App. 684, 377 N.E. 2d 417 (1978); Pleasan v. Liberty Mutual Ins. Co., 368 So. 2d 202 (La. App. 1979); Kish v. Wright, 562 P.2d 625 (Utah 1977); North Branch Products, Inc. v. Fisher, 179 F.Supp. 843, rev'd on other grounds, 284 F.2d 611 (D.C. Cir. 1960); Nee v. Dillon, 239 F.2d 953 (D.C.Cir. 1956); CAL. CIV. PRO. CODE §410.30 (West Supp. 1973).

12. In Koenig, the lower court invoked 42 Pa. C.S. §5322(e) and raised, on its own motion, the doctrine of forum non conveniens as an alternative basis for dismissing the action before it. The Superior Court, though it disagreed with the lower court's application of forum non conveniens under the particular circumstances of that case, tacitly approved of the trial court's sua sponte consideration of the issue. Justice Cavanaugh, in dissenting, believed that the trial court properly raised the issue and agreed with the lower court that the doctrine warranted dismissal.

tional Life of Florida Corp. v. Superior Court, 21 Cal. App. 3d 281, 98 Cal. Rptr. 435 (1971) (Cal. Civ. Pro. Code §410.30 (West Supp. 1973), substantially similar to subsection (e) of our long-arm statute, treated as full codification of forum non conveniens doctrine).

Pursuant to this explicit statutory authorization, and after careful consideration of the various factors underlying the application of the forum non conveniens doctrine, this court concluded that a Pennsylvania court was a forum non conveniens and dismissed the instant action in its entirety upon the condition set forth in our order. To hold, as plaintiff argues, that dismissal was proper only as to the objecting defendants not only flies in the face of section 5322(e) but leads to the anomalous result that the instant action would be litigated in piecemeal fashion in two separate forums, thereby fostering the duplicative and inefficient employment of scarce judicial resources which this court refuses to countenance.

Finally, plaintiff contends that the instant order should not have been issued since a prior order of the court arising out of this case had been appealed. On June 9, 1982, this court granted the preliminary objections of North American Asbestos Corporation and dismissed it as a party to this action. Lac d'Amiante du Quebec, Ltee., formerly known as Lake Asbestos of Quebec, appealed this order to the Superior Court on June 23 1982.

Rule 1701(a) of the Rules of Appellate Procedure provides, in pertinent part, that "after an appeal is taken . . . the lower court . . . may no longer proceed further in the matter." Relying on this rule, plaintiff argues that our order in the instant case was, at the least, premature. Rule 1701(c), however, states:

"Limited to matters in dispute. Where only a particular item, claim or assessment adjudged in the matter is involved in an appeal . . . the appeal . . . shall operate to prevent the lower court . . . from proceeding further with only such item, claim or assessment, unless otherwise ordered . . . as necessary to preserve the rights of the appellant."

The purpose of this provision is to prevent a pending appeal from affecting "separate disputes between other parties or involving separate subject matter." Litt v. Rolling Hill Hospital, 293 Pa. Super. 97, 437 A.2d 1008 (1981) (per curiam) (quoting Pennsylvania Bar Institute, Pennsylvania Appellate Practice under the Rules of Appellate Procedure (Pub. No. 1980-130) at 18). We believe that the matter previously appealed in the case sub judice falls within the ambit of this rule and, therefore, refuse to conclude that our consideration and ruling on the instant preliminary objections was improper.

## CONCLUSION

We have considered all of the arguments raised by counsel in the instant matter and remain committed to our earlier conclusion that the ends of justice mandate dismissal of this action and reinstitution in a more appropriate forum.[13] To hold otherwise on the facts presented would effectively sterilize the doctrine of forum non conveniens in this Commonwealth, a result which our appellate courts have consistently refused to sanction. When a case is appropriate for its application, the doctrine shall be applied. This case is appropriate.

Accordingly, we restate our earlier

---

13. We find New Jersey to be a more appropriate forum available to plaintiff.

## ORDER

And now, this August 31, 1982, upon consideration of the preliminary objections to plaintiff's complaint in the nature of a petition to dismiss pursuant to Pa. R.C.P. 1017(b)(1) submitted by defendants H. K. Porter Company, Inc., Keene Corporation, UNARCO Industries, Inc., GAF Corporation and Eagle-Picher Industries, Inc. and responses filed thereto by plaintiff and defendant Lac d'Amiante du Quebec, Ltee. (formerly known as Lake Asbestos of Quebec, Ltd.), it is hereby ordered and decreed that said preliminary objections are sustained and plaintiff's complaint is dismissed upon condition that no defendant shall raise the affirmative defense of the statute of limitations in the alternative forum unless such defense is asserted and established under the law and the facts extant at the time of the filing and/or service of plaintiff's original process in this jurisdiction; otherwise this order shall, upon timely application of plaintiff, be declared vacated and the action reinstituted in this jurisdiction, nunc pro tunc.