LEWIS H. HERRMANN, APPELLANT, V. FRANLKIN ICE
CREAM COMPANY, APPELLEE.

FILED MARCH 19, 1926.    No. 24834.

1.  Master and Servant: PERSONAL INJURIES: COMMON-LAW AC-
    TION.  The common-law action, for personal injuries, occasioned
    by the negligence of the employer, remains open to all employees
    in this state who are not subject to the provisions of the work-
    men's compensation act.

2.  Courts:  ACTION FOR PERSONAL INJURIES: VENUE.  An action
    for personal injuries is transitory in its nature and, ordinarily,
    may be brought wherever the defendant can be served with
    process.  Such an action may be maintained in the courts of
    Nebraska on a cause of action accruing in a sister state, unless
    contrary to the public policy of this state, or contrary to ab-
    stract justice, good morals, or calculated to injure the state or
    its citizens.

3.  ———:  DISCRETION:  ACTION BY NONRESIDENT.  The courts of
    this state are not vested with discretion to refuse to entertain
    jurisdiction of a cause of action, brought by a nonresident of
    the state, because of such nonresidence, when the policy of the
    state accords the right to its own citizens to bring and maintain
    such action.  To permit the exercise of such discretion would be
    contrary to the provisions of section 2, art. IV of the federal
    Constitution.

APPEAL from the district court for Lancaster county:
MASON WHEELER, JUDGE.  *Reversed.*

*T. J. Madden, Harry R. Freeman, Claude S. Wilson* and
*Albert S. Johnston,* for appellant.

*Reavis & Beghtol* and *Wilson Overall, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD,
THOMPSON and EBERLY, JJ.

GOOD, J.

Action by an employee to recover for personal injuries,
alleged to have been caused by the negligence of his em-
ployer.  Defendant is a Nebraska corporation, with its
principal place of business in the city of Lincoln.  It also

operates a plant in Kansas City, Missouri.   Plaintiff is a
resident of Missouri and sustained the injuries, of which he
complains, while in the employ of defendant in its plant at
Kansas City.   The action was brought in Lancaster county,
Nebraska, where the defendant has its principal place of
business.   Defendant filed objections to the jurisdiction
of the court over the subject of the action, which were sus-
tained, and the action was dismissed with prejudice to a
future action in this state.   Plaintiff appeals.

The objections to jurisdiction are two-fold:    (1) That a
common-law action for personal injuries, resulting from
negligence of an employer, is prohibited by statute and
contrary to the public policy of this state; (2) that Ne-
braska courts are vested with a discretion to entertain or
decline to entertain jurisdiction of an action, brought by
a nonresident, where a trial in Nebraska would put the
defendant to great and unnecessary expense and inconveni-
ence.

The basis for the first ground of objection to jurisdic-
tion is that the state of Nebraska, by enacting its work-
men's compensation law, thereby abrogated the common-
law action for personal injuries to an employee arising
out of, and in the course of, his employment, and has
thereby limited the employee's relief to that provided for
by the compensation act, and that it is contrary to the
declared public policy of this state to permit such action
as plaintiff has brought to be maintained in the courts of
the state.

The common-law action by an employee against his em-
ployer for personal injuries, arising out of, and in the
course of, his employment, though resulting from the neg-
ligence of the employer, no longer exists in this state,
where the employee and the employer are subject to and
governed by the workmen's compensation act.   *Navracel
v. Cudahy Packing Co.*, 109 Neb. 506.   But this applies
only to such employees as come under, and are subject to,
the provisions of the compensation act.   The compensa-
tion act, however, does not apply to all employees.   Cer-

tain classes of employees and employers are, by the terms
of the statute, expressly exempted from its operation.   The
act permits employers and employees to elect not to be
bound by its provisions.   The common-law action for per-
sonal injuries, occasioned by the negligence of the employer,
therefore remains to all employees who are not subject
to the provisions of the compensation act, whether exempted
from its operation by statute or because of election not to
be bound by its provisions.   It cannot be strictly said, there-
fore, that the common-law action for an injury to an em-
ployee, occasioned by negligence of the master, has been
abolished in this state.   An action for personal injuries
is transitory and, ordinarily, may be brought wherever ser-
vice may be had upon the defendant.   When such an action
has been brought in this state on a cause of action accruing
under the laws of a sister state, and jurisdiction of the
defendant obtained by the service of process, it may be
maintained, unless contrary to the public policy of this state,
or contrary to abstract justice, good morals, or calculated
to injure the state or its citizens.   In such cases, the right
to recover is governed by the *lex loci* and not by the *lex
fori*.   Under the principles of comity, the courts of one
state will recognize and enforce rights arising in another
state, unless recognition thereof would be contrary to the
laws or public policy of the state in which such enforcement
is sought.   15 C. J. 1181, sec. 655.

It appears that, at the time plaintiff sustained the injur-
ies of which he complains, Missouri had no workmen's com-
pensation law, and that plaintiff could have maintained in
the courts of that state such an action as in the instant
case.   He had a right of action which was enforceable in
Missouri.   Such action not being contrary to the laws of
our state and not being contrary to public policy or good
morals, it follows that the action may properly be main-
tained.   The identical question has been before the su-
preme court of Washington, in *Reynolds v. Day*, 79 Wash.
499, L. R. A. 1916A, 432.   It was there held that the com-
mon-law action for an injury to an employee in another

state is not prevented by the fact that the statute of Washington has abolished actions for such injuries and has provided, instead, a system of industrial insurance.    See, also, *Herrick v. Minneapolis & St. L. R. Co.*, 31 Minn. 11; *Northern P. R. Co. v. Babcock,* 154 U. S. 190; *Chicago & E. I. R. Co. v. Rouse,* 178 Ill. 132, 44 L. R. A. 410.    The rule applies even though the plaintiff could not have maintained the action, had the injury occurred in the state where the action was brought.    *Walsh v. New York & N. E. R. Co.,* 160 Mass. 571, 39 Am. St. 514.

Defendant cites and relies upon *Hagenbeck & Great Wallace Show Co. v. Randall,* 75 Ind. App. 417, and *American Radiator Co. v. Rogge,* 86 N. J. Law, 436, as sustaining its contention.    A careful examination of the opinion in these cases discloses that they are not contrary to the views heretofore expressed in this opinion.    In the Indiana case, the servant entered into a contract with the master in the state of Ohio, to work for the defendant in the various states of the Union, and in the contract of employment was a provision that all matters relating to the contract of employment or actions sounding in tort between the parties should be governed by the laws of the District of Columbia.    Defendant was an Indiana corporation, and while the employee was working for the defendant in the state of Indiana he met with an accident, in which he lost his life.    A dependent relative of the workman sought and obtained allowance of compensation under the workmen's compensation law of the state of Indiana.    The court held that the contract, entered into in Ohio and contemplating that work should be done in the state of Indiana, was not binding and would not be enforced in the state of Indiana, contrary to the provisions of its compensation law.    A similar ruling was made in the New Jersey case.

Defendant's second ground of objection is supported by an affidavit, in which it sets forth that the witnesses, by whom it would sustain its defense, were mostly employees in its Kansas City plant; that it would be impracticable to take the depositions of these witnesses, and that their pres-

ence would be needed at the trial; that to transport these witnesses to Nebraska would be a source of great expense and would also entail the shutting down of defendant's plant in Kansas City during the time of the trial; that it would cause great expense and inconvenience to the defendant to submit to a trial of plaintiff's action in the courts of Nebraska; that for these reasons the court should exercise its discretion in refusing to entertain jurisdiction. Defendant's position in this respect is sustained by *Burdick v. Freeman*, 46 Hun (N. Y.) 138, and *Arizona Commercial Mining Co. v. Iron Cap Copper Co.*, 233 Mass. 522.

Whether the courts of this state, in their discretion, may entertain or refuse to entertain jurisdiction in a transitory action, brought by a nonresident, must be determined by statutory and constitutional provisions. The decisions of other courts, save as they construe similar provisions, afford no precedent or guide in reaching a decision on the question herein involved. It is conceded that if plaintiff were a resident and citizen of Nebraska the court could not decline to entertain jurisdiction. Plaintiff is a resident, and presumably a citizen, of the state of Missouri. Section 2, art. IV of the federal Constitution, provides: "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states." In applying and construing this constitutional provision, the United States supreme court, in *Chambers v. Baltimore & O. R. Co.*, 207 U. S. 142, said:

"But, subject to the restrictions of the federal Constitution, the state may determine the limits of the jurisdiction of its courts, and the character of the controversies which shall be heard in them. The state policy decides whether and to what extent the state will entertain in its courts transitory actions, where the causes of action have arisen in other jurisdictions. Different states may have different policies, and the same state may have different policies at different times. But any policy the state may choose to adopt must operate in the same way on its own citizens and those of other states. The privileges which it affords

to one class it must afford to the other. Any law by which privileges to begin actions in the courts are given to its own citizens and withheld from the citizens of other states is void, because in conflict with the supreme law of the land." In the course of the opinion (p. 148) it is said: "The right to sue and defend in the courts is the alternative of force. In an organized society it is the right conservative of all other rights, and lies at the foundation of orderly government. It is one of the highest and most essential privileges of citizenship, and must be allowed by each state to the citizens of all other states to the precise extent that it is allowed to its own citizens. Equality of treatment in this respect is not left to depend on the comity between the states, but is granted and protected by the federal Constitution."

In *Corfield v. Coryell*, 4 Wash. C. C. 371, the court held that among the particular privileges and immunities that are deemed fundamental in the constitutional provision, above referred to, is the right to institute and maintain actions of any kind in the courts of this state.

Speaking of the same constitutional provision, in *Slaughter-House Cases*, 16 Wall. (U. S.) 36, 77, the court said: "Its sole purpose was to declare to the several states, that whatever those rights, as you grant or establish them to your own citizens, or as you limit or qualify, or impose restrictions on their existence, the same, neither more nor less, shall be the measure of the rights of citizens of other states within your jurisdiction."

In *Cole v. Cunningham*, 133 U. S. 107, 113, it is said: "The intention of section 2 of article IV (Fed. Const.) was to confer on the citizens of the several states a general citizenship, and to communicate all the privileges and immunities which the citizens of the same state would be entitled to under like circumstances, and this includes the right to institute actions."

In *Blake v. McClung*, 172 U. S. 239, 256, it is said: "A state cannot forbid citizens of other states from suing in its courts, that right being enjoyed by its own people."

Herrmann v. Franklin Ice Cream Co.

We are not unmindful of the fact that in *Morrison v. Illinois C. R. Co.*, 101 Neb. 49, this court, in speaking of the right of a nonresident to maintain a transitory action in the courts of this state, held that the trial court, in the exercise of sound judicial discretion, had jurisdiction to hear and determine the action. In that case, however, the contention was being made that the court, in the exercise of its discretion, should have declined to entertain jurisdiction, and the holding was clearly intended to mean that the court did not abuse its discretion. It was not, in fact, held that it was a matter of discretion, though that inference might be drawn from the language used.

If the legislature of the state could not deny to a nonresident the right to bring and maintain an action in the courts of this state, when such right is given to its citizens to maintain a like action, certainly it does not lie within the power of the court, in the exercise of a discretion, to deny such a right. Section 1084, Comp. St. 1922, provides: "The district courts shall have and exercise general, original and appellate jurisdiction in all matters, both civil and criminal, except where otherwise provided."

There is no provision of our statute denying a nonresident of Nebraska the right to maintain an action in the courts of this state. The statute above quoted does not purport to vest any discretion in the court, and even if it did so we have no doubt that it would be invalid, as contravening the above-quoted provision of the federal Constitution. The statute is mandatory that the district court shall exercise jurisdiction and it is not in its power to discriminate between residents and non-residents.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED.