GEORGE T. QUALLEY, APPELLANT, V. CHRYSLER CREDIT CORPORATION, APPELLEE.

217 N. W. 2d 914

Filed May 9, 1974. No. 39303.

William Alexander, George T. Qualley, P. C., and Thomas A. Vakulskas, for appellant.

Pilcher, Howard & Dustin, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-
COWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This is an action for damages arising out of the re-
possession and sale by the defendant of an automobile
owned by the plaintiff. The trial court sustained the
motion of the defendant to dismiss on the ground of for-
um non conveniens. The plaintiff appeals.

The plaintiff is a resident of Sioux City, Iowa. On Oc-
tober 31, 1967, the plaintiff purchased a 1968 Dodge au-
tomobile on an installment contract from Sioux City
Dodge, Inc. The contract was later assigned to the de-
fendant, a foreign corporation licensed to do business in
Nebraska.

On October 16, 1970, and again on October 17, 1970,
a representative of the defendant demanded payment of
an installment that became due September 30, 1970. The
installment payment was not made, and without further
notice to the plaintiff, the automobile was repossessed on
the night of October 17, 1970. The plaintiff alleged the
seizure was illegal under the law of Iowa because it was
made without notice or an opportunity to be heard.

The plaintiff contends the doctrine of forum non con-
veniens is not recognized in Nebraska, or, if recognized,
was erroneously applied in this case.

The doctrine of forum non conveniens, although used
infrequently until recent years, is generally considered
to be of common law origin. It refers to the discretionary
power of a court to decline jurisdiction when the conven-
ience of the parties and the ends of justice would be bet-
ter served if the action were brought and tried in another
forum. Whether a suit should be entertained or dismissed
under this rule depends largely upon the facts of the
particular case and rests in the sound discretion of the
trial court.

The plaintiff relies upon Herrmann v. Franklin Ice

Cream Co., 114 Neb. 468, 208 N. W. 141, in support of his contention that forum non conveniens is not recognized in Nebraska. In the Herrmann case this court held the District Court had no discretion to decline jurisdiction in an action by a nonresident arising out of an accident which had occurred in Missouri. The opinion was grounded primarily upon Article IV, section 2, of the Constitution of the United States, which provides: "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." The United States Supreme Court has since held that a nondiscriminatory application of the doctrine of forum non conveniens does not violate the privileges and immunities clause. Missouri ex rel. Southern Ry. Co. v. Mayfield, 340 U. S. 1, 71 S. Ct. 1, 95 L. Ed. 3. See, also, Gulf Oil Corp. v. Gilbert, 330 U. S. 501, 67 S. Ct. 839, 91 L. Ed. 1055. To the extent the Herrmann case implies forum non conveniens is not recognized in Nebraska, it is overruled.

The rule is applied most often in cases involving a foreign tort where the parties are nonresidents. Here the plaintiff is a resident of Iowa and the defendant is a foreign corporation. The repossession which was the basis for the action occurred in Iowa. In addition to factors which relate to the convenience of the parties, factors which relate to the public interest and the welfare of the court are to be considered.

The parties agree the law of Iowa is applicable to this case, and it appears there may be considerable difficulty in ascertaining what the applicable law is in order to decide the case correctly. Furthermore, the plaintiff claims punitive damages which are not recognized in Nebraska. These factors weigh heavily in support of the determination by the trial court that this action should be tried and determined by an Iowa court.

The matter of the statute of limitations remains to be considered. In the District Court the plaintiff claimed the action was barred by the Iowa statute. After the

hearing on the motion, the defendant filed a written waiver as follows: "Defendant expressly waives the defense of the bar of the Iowa statute of limitations with respect to any refiling of this action in Iowa within the remaining time that the action could have been brought in Nebraska under Nebraska's 4-year statute of limitations." This was a recognized method of assuring that an alternate forum was still available to the plaintiff. See, 20 Am. Jur. 2d, Courts, § 174, p. 513; Conklin v. Towne, 204 Iowa 916, 216 N. W. 264.

The record shows no abuse of discretion by the trial court. The judgment of the District Court is affirmed.

AFFIRMED.