24TH AND DODGE LIMITED PARTNERSHIP, A NEBRASKA LIMITED PARTNERSHIP, APPELLANT, V. COMMERCIAL NATIONAL BANK OF CHICAGO, A FEDERALLY CHARTERED BANK, APPELLEE.

497 N.W.2d 386

Filed March 26, 1993.    No. S-91-005.

James D. Sherrets, of Sherrets Smith & Gardner, P.C., for appellant.

Bryan S. Mick, of Betterman & Katelman, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

BOSLAUGH, J.

The plaintiff, 24th and Dodge Limited Partnership, a Nebraska limited partnership with its principal place of business in Omaha, Nebraska, appeals from the order of the district court sustaining the special appearance of the defendant, Commercial National Bank of Chicago, and dismissing the plaintiff's petition.

On June 27, 1989, Commercial Security Mortgage Co., a commercial mortgage broker, acting on behalf of the plaintiff, contacted the defendant.

This initial solicitation by the plaintiff's mortgage broker resulted in subsequent telephone conversations and other correspondence between the parties concerning the availability of a mortgage loan to be secured by a pledge of an office building located at 2223 Dodge Street in Omaha.

On October 2, 1989, the plaintiff submitted a mortgage loan application with a $12,000 application fee to the defendant. The application fee was nonrefundable if the defendant issued a letter of commitment.

On October 9, 1989, the defendant sent its commercial loan officer, Diane Shomo, to Omaha to inspect the property and discuss the loan with the plaintiff.

On November 14, 1989, the defendant issued a letter of commitment which contained additional terms not previously agreed to by the plaintiff, but which the plaintiff conditionally accepted on November 24.

The parties never agreed to the modifications the plaintiff made to the original commitment letter. The plaintiff requested the return of the $12,000 application fee, but the defendant refused to refund the application fee. The plaintiff then filed this action in Nebraska to recover the fee.

The defendant is not a resident of Nebraska and does not own real property in this state. Prior to negotiating with the plaintiff for the loan, the defendant had never conducted any business in Nebraska.

The plaintiff assigns as error the finding of the district court that it could not properly obtain personal jurisdiction over the defendant under Nebraska's long-arm statute, Neb. Rev. Stat. § 25-536 (Reissue 1989), because the defendant did not establish minimum contacts with the State of Nebraska such that the exercise of personal jurisdiction over the defendant would be fair and reasonable under the Due Process Clause.

Because this jurisdictional question does not involve a factual dispute, its determination is a question of law, and this court is required to reach a conclusion independent from the district court's decision. *Williams v. Gould, Inc.*, 232 Neb. 862, 443 N.W.2d 577 (1989).

Section 25-536 provides:

A court may exercise personal jurisdiction over a person:

(1) Who acts directly or by an agent, as to a cause of action arising from the person:

(a) Transacting any business in this state;

(b) Contracting to supply services or things in this state;

(c) Causing tortious injury by an act or omission in this state;

(d) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;

(e) Having an interest in, using, or possessing real property in this state; or

(f) Contracting to insure any person, property, or risk located within this state at the time of contracting; or

(2) Who has any other contact with or maintains any other relation to this state to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States.

Before a court can exercise personal jurisdiction over a nonresident defendant, the court must determine, first, whether a statutory standard of the long-arm statute is satisfied and, if the long-arm statute has been satisfied, second, whether minimum contacts exist between the defendant and the forum state for personal jurisdiction over the defendant without offending due process. *Williams, supra.*

In this case, the defendant transacted business in this state through telephone and other correspondence and also sent its agent to Nebraska to conduct business on its behalf. The purpose of these negotiations was to reach an agreement regarding a loan by the defendant to the plaintiff of a substantial amount of money to finance the purchase of a building in Omaha, Nebraska. Since subsections (a) and (b) of § 25-536(1) apply to the defendant's conduct in this case, the first requisite for the district court's exercise of personal jurisdiction over the defendant has been satisfied.

Next, we must consider whether sufficient minimum contacts exist between the defendant and this state so as to authorize this state to exert personal jurisdiction over the defendant without offending due process.

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.' " *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985), quoting *Internat. Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945). In order to subject an out-of-state defendant to personal jurisdiction in the forum court, due process requires that the defendant have certain minimum contacts with the forum state so as not to offend " 'traditional notions of fair play and substantial justice.' " *Id.*, 326 U.S. at 316.

The benchmark for establishing whether a defendant has established minimum contacts sufficient to satisfy due process

is whether " 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.' " *Burger King Corp.*, 471 U.S. at 474, quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980).

> "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."

*Burger King Corp.*, 471 U.S. at 474-75, quoting *Hanson v. Denckla*, 357 U.S. 235, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958).

Citing *McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S. Ct. 199, 2 L. Ed. 2d 223 (1957), the Supreme Court found jurisdiction over an out-of-state defendant is proper when "the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State." (Emphasis omitted.) *Burger King Corp.*, 471 U.S. at 475.

The *McGee* case involved an action in California by the beneficiary of a life insurance policy against an insurance company which was located in Texas. The U.S. Supreme Court held that due process was satisfied because the suit was based on a contract which had substantial connection with California. In the *McGee* case, the insurance company had never had an office or agent in California, and it had never solicited or done any insurance business in California apart from the policy involved in the lawsuit. However, "[t]he contract was delivered in California, the premiums were mailed from there and the insured was a resident of that State when he died." *Id.*, 355 U.S. at 223.

In the present case, although the defendant is not a resident of Nebraska, does not own real property in this state, and prior to negotiating with the plaintiff for the loan, had never conducted any business in Nebraska, the loan application was

delivered in Nebraska; the application fee, which is the subject of the underlying cause of action, was mailed from this state; the plaintiff is a Nebraska corporation; and the building which was to be used as security for the loan is located in Nebraska. The defendant is an " 'experienced and sophisticated' " business, and " 'at no time' did [it] 'act under economic duress or disadvantage imposed by' " the plaintiff. *Burger King Corp.*, 471 U.S. at 484.

We think it cannot be said that the defendant in this case failed to establish minimum contacts in Nebraska sufficient to satisfy due process. The defendant's conduct and connection with the State of Nebraska are such that it reasonably should have anticipated being haled into court here over the plaintiff's cause of action for the return of its loan application fee.

The judgment is reversed and the cause remanded to the district court for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

CAPORALE, J., not participating.