510 N.W.2d 439 (1993)
WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY, Appellant,
v.
Huston D. WALKER, Appellee.
No. A-92-351.
Court of Appeals of Nebraska.
June 15, 1993.
*440 Kirk S. Blecha and Carol C. Knoepfler, Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, Omaha, for appellant.
William T. Ginsburg, Zuber & Ginsburg, Omaha, for appellee.
CONNOLLY, HANNON, and MILLER-LERMAN, JJ.
*441 CONNOLLY, Judge.
This appeal arises from an action filed in Douglas County District Court by the appellant, Woodmen of the World Life Insurance Society (Woodmen), for declaratory judgment on a contract between Woodmen and the appellee, Huston D. Walker, an Alabama resident. In addition to declaratory judgment concerning certain conditions in the contract, Woodmen sought restitution of commissions it had paid to Walker pursuant to the contract. After answering Woodmen's petition, Walker filed a motion to dismiss pursuant to Neb.Rev.Stat. § 25-538 (Reissue 1989), which authorizes a court with otherwise proper jurisdiction to dismiss an action "[w]hen the court finds that in the interest of substantial justice the action should be heard in another forum." The trial court granted Walker's motion and dismissed the case. Woodmen appeals. We reverse and remand.

I. FACTS
Woodmen is a fraternal benefit society incorporated in Nebraska, with headquarters and central offices in Omaha, and is licensed to do business in all 50 states. It is a nonprofit corporation that possesses no capital stock and exists for the mutual benefit of its members and their beneficiaries.
Beginning in January 1986, Walker, a resident of Henagar, Alabama, entered into a series of contracts with Woodmen. Working as an independent contractor, Walker agreed to be a full-time field representative for Woodmen in northern Alabama. Walker was responsible for increasing membership and advancing Woodmen's interests by soliciting applications for benefit certificates and maintaining relationships with current certificate holders. Over the course of his employment with Woodmen, Walker attended four training seminars at corporate headquarters in Omaha, with all expenses paid by Woodmen.
On or about July 1, 1986, Woodmen and Walker entered into a "Full-Time Field Representative Contract." Woodmen's state and regional managers signed off on the July 1 contract, but the contract did not become effective until it had been forwarded to headquarters in Omaha and had been reviewed, approved, and signed by Woodmen personnel in Omaha. Woodmen retained the original July 1 contract in Walker's personnel file in Omaha. All commission payments and other payments to Walker pursuant to the contract were paid from Woodmen's Omaha offices. All accounting functions pertaining to Walker's commissions were also handled in Omaha. All applications in northern Alabama for insurance products and benefit certificates were sent by Walker either by mail or by computer transmission to Woodmen's Omaha offices for processing. All insurance products and benefit certificates were issued by Woodmen from its Omaha offices. Any policy renewals or changes initiated by Walker on behalf of Woodmen members were made by Woodmen in its Omaha offices. In the event Walker had any questions or needed information regarding the cash or loan value of Woodmen policies or the amount of premiums, Walker normally would have obtained that information from Woodmen's Omaha offices. As a field representative, Walker had a special telephone number which allowed him access to a data communications line in Omaha from which he could obtain information on Woodmen members.
Under the July 1 contract, Walker earned commissions, service fees, bonuses, and possibly management fees if he sold Woodmen's insurance products. However, the contract stated that Walker would forfeit his right to all compensation if, while the contract was in force or within 1 year following its termination, he (1) induced or attempted to induce any Woodmen member or policyholder to terminate a Woodmen certificate or annuity or (2) sold or attempted to sell to an existing Woodmen member or policyholder an insurance product offered by another insurer. The contract also stated that it was to be construed according to the laws of Nebraska and that Douglas County, Nebraska, would be the exclusive venue for any legal action arising out of the contract.
On or about May 31, 1991, Walker was terminated by Woodmen. On August 29, 1991, Woodmen filed a petition in the district court for Douglas County, Nebraska, seeking, in part, a declaratory judgment that Walker had violated the July 1 contract because, within 1 year of his termination, he *442 had induced or attempted to induce Woodmen members to terminate Woodmen certificates or annuities, and he had sold or had attempted to sell to Woodmen members or policyholders insurance products offered by a competing insurance company. Woodmen also sought restitution from Walker for commissions paid to him by Woodmen before it was aware of Walker's alleged breach of the noncompetition provisions in the July 1 contract. Woodmen claimed that by breaching the contract, Walker had forfeited his right to the commissions at issue.
Walker filed an answer denying the allegations. After Woodmen filed a reply, Walker filed a motion to dismiss pursuant to § 25-538, which authorizes a court with otherwise proper jurisdiction to dismiss an action "[w]hen the court finds that in the interest of substantial justice the action should be heard in another forum." The trial court found that it had jurisdiction over Walker under Neb.Rev.Stat. § 25-536 (Reissue 1989), Nebraska's long-arm statute, but that Walker would be hindered in making his defense because he would be unable to subpoena witnesses in Alabama to appear in Nebraska. The court determined that the action should be heard in the forum of Walker's residence or in the forum where the alleged breach of contract occurred. Therefore, pursuant to § 25-538, the court granted Walker's motion and dismissed the case.

II. ASSIGNMENT OF ERROR
We condense Woodmen's assignments of error into the following: The trial court erred in finding that in the interest of substantial justice, the action could not be heard in the district court for Douglas County, Nebraska.

III. STANDARD OF REVIEW
When a jurisdictional question does not involve a factual dispute, determination of the jurisdictional issue is a matter of law, which requires an appellate court to reach a conclusion independent from the trial court's conclusion on the jurisdictional issue. See 24th and Dodge Ltd. v. Commercial Nat. Bank, 243 Neb. 98, 497 N.W.2d 386 (1993).
Whether a suit should be entertained or dismissed under the rule of forum non conveniens depends largely upon the facts of the particular case and rests in the discretion of the trial court. See Qualley v. Chrysler Credit Corp., 191 Neb. 787, 217 N.W.2d 914 (1974). Therefore, absent an abuse of discretion, we will affirm the decision of the district court to dismiss Woodmen's petition.
Judicial abuse of discretion means that the reasons or rulings of the trial court are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result. State v. Thomas, 238 Neb. 4, 468 N.W.2d 607 (1991).

IV. ANALYSIS

1. PROPER JURISDICTION IN DOUGLAS COUNTY
We agree with the trial court that it had jurisdiction over Walker, and, thus, jurisdiction of Woodmen's cause of action under § 25-536, Nebraska's long-arm statute. The Douglas County District Court had jurisdiction over Walker pursuant to either of two bases of jurisdiction set out in § 25-536. Section 25-536 states that a Nebraska court may exercise personal jurisdiction over a person as to a cause of action arising from the person's transacting any business in Nebraska or because of any other contact or relation with Nebraska that affords a basis for the exercise of personal jurisdiction consistent with the federal Constitution. See §§ 25-536(1)(a) and 25-536(2). The record shows that all of Walker's business as a Woodmen field representative was transacted through Woodmen's home offices in Nebraska. Walker's relationship to Woodmen as an independent contractor was no different from what it would have been had his territory been central or western Nebraska. All of the business he generated for Woodmen in northern Alabama was channeled through Nebraska. The actual business of the corporationprocessing data, issuing policies, issuing compensation to Walker was transacted at Woodmen's home offices in Nebraska. All Woodmen memberships and policies sold by Walker were processed in and issued from Nebraska. Any changes in existing policies were made in Woodmen's *443 Nebraska offices. Walker utilized an electronic data base maintained in Nebraska. Clearly, Walker was transacting business in Nebraska. For all of these same reasons, it also could be said that Walker had developed minimum contacts and relations with Nebraska sufficient to allow the Douglas County District Court to exercise personal jurisdiction over him.

2. REASONABLY ANTICIPATED VENUE
We are not confronted, then, with a question of jurisdiction, for the trial court plainly had jurisdiction of the case. Instead, we are confronted with a question of venue. In terms of § 25-538, we must determine whether the interest of substantial justice requires the Douglas County District Court to refuse to hear Woodmen's cause of action even though the court has jurisdiction of the case.
On the question of personal jurisdiction of a party not a resident of the forum jurisdiction, the benchmark for establishing whether a defendant has established minimum contacts sufficient to satisfy due process is whether the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there. See 24th and Dodge Ltd. v. Commercial Nat. Bank, 243 Neb. 98, 497 N.W.2d 386 (1993). Although the question before us concerns venue rather than jurisdiction, the principle of reasonable anticipation articulated in 24th and Dodge Ltd. is applicable in this case. The record abounds with evidence of Walker's connections with Nebraska such that Walker should have anticipated being summoned to Douglas County District Court. Again, all of the business generated by Walker was transacted through the home offices in Nebraska. The very contract at issue in this case is in the home offices in Nebraska, as are many of the business records critical to the case. Walker had been to Nebraska on numerous occasions in connection with Woodmen business which is the subject of the contract. Finally, the contract at issue stated that Douglas County, Nebraska, would be the exclusive venue for any legal action arising out of the contract. Such an absolute provision is tempered by the moderating effects of §§ 25-536 and 25-538, but the fact that Walker agreed to the forum selection provision substantiates our conclusion that he knew when he entered into the contract that any legal action on the contract would be pursued in Nebraska.

3. PUCCIO IS DISTINGUISHABLE
At oral argument, Walker cited Woodmen of the World Life Ins. Soc. v. Puccio, 2 NCA 294, 499 N.W.2d 85 (1993), as controlling precedent in this case. Like Walker, Puccio had entered into a "Full-Time Field Representative Contract" with Woodmen. Puccio's territory was the State of West Virginia. The contract specified that Nebraska would be the exclusive venue for any legal proceedings on the contract. When Woodmen later terminated Puccio, he sued Woodmen in the circuit court for Marion County, West Virginia, alleging, inter alia, wrongful discharge and breach of contract. Woodmen filed a declaratory judgment action in the district court for Douglas County, Nebraska, seeking a ruling that Puccio had breached the parties' contract by filing a legal action on the contract in West Virginia. The trial court granted summary judgment in favor of Puccio. This court affirmed on the grounds that for Puccio, Nebraska was not a reasonably convenient forum in which to pursue a cause of action.
At oral argument, Walker urged us to rule in his favor for the same reason. We decline to follow that exhortation because Puccio is distinguishable from the case now before us.
The decision of this court in Puccio was based on Neb.Rev.Stat. § 25-414 (Reissue 1989), which states in part that "[i]f the parties have agreed in writing that an action on a controversy may be brought in this state and the agreement provides the only basis for the exercise of jurisdiction, a court of this state will entertain the action if" certain conditions are satisfied. (Emphasis supplied.) Those conditions include the condition that "this state is a reasonably convenient place for the trial of the action." § 25-414(1)(b). In Puccio, the venue provision in the contract between Puccio and Woodmen provided the only basis for the exercise of jurisdiction by the Douglas County District Court. Consequently, *444 this court applied § 25-414 and asked whether Nebraska was a reasonably convenient forum for Puccio.
The case at bar is distinguishable from Puccio, and, therefore, we do not apply § 25-414 because the venue provision in the field representative contract between Walker and Woodmen does not provide the only basis for Douglas County District Court jurisdiction. There was virtually no mention made in Puccio of the dealings between the field representative in West Virginia and the home offices in Nebraska. In Puccio, the evidence consisted of the admissions contained in the pleadings of the parties in the Nebraska action and the proceedings in the West Virginia court, which included Puccio's complaint, Woodmen's motion to dismiss, the denial of that motion, and the finding that West Virginia was a proper forum for the action. In this action against Walker, Woodmen pleaded and proved the facts necessary to establish the connections between Walker and Woodmen's Nebraska offices that justify the Douglas County District Court's exercise of personal jurisdiction over Walker and support the venue provision in the contract. Unlike the record in Puccio, the record in this case contains detailed factual information on the well-established connections between Walker and Woodmen's home offices in Nebraska.
As discussed above, the Douglas County District Court has jurisdiction over Walker because Walker transacted business in and established minimum contacts with Nebraska. Walker's conduct and connections with Nebraska were such that he should reasonably have anticipated being brought into Douglas County District Court. Because there are other bases of jurisdiction in addition to the venue provision, we do not apply § 25-414 to this case. Therefore, we do not ask whether Nebraska is a reasonably convenient forum for Walker. Instead, like the trial court, we apply § 25-538 and ask whether the interest of substantial justice prohibits the Douglas County District Court from hearing Woodmen's action against Walker. That is a different question from the one posed in Puccio about a reasonably convenient forum.

V. CONCLUSION
We are not called upon to decide whether Nebraska is a reasonably convenient forum for Walker. We are called upon to decide whether the interest of substantial justice dictates that we ignore Walker's reasonable expectation of being sued on the contract in Douglas County District Court. Essentially, Walker is asking us to affirm the trial court's decision to nullify the parties' forum selection clause. Thus, even though we are not applying § 25-414, our analysis nonetheless is focused on the contractual forum selection provision.
In reaching our decision, we rely on the U.S. Supreme Court's ruling in The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), that freely negotiated forum selection clauses are enforceable unless "the party seeking to escape his contract [can] show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." The Court applied a similar rationale in Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), in which plaintiffs from the State of Washington had tried to sue Carnival in federal district court in Washington state for slip and fall injuries sustained during their cruise off the coast of Mexico. The plaintiffs' passenger ticket contained a provision selecting Florida as the forum for any legal action arising from the cruise contract, and the plaintiffs acknowledged their awareness of the provision. The Court found no reason to prefer Washington over Florida as a forum for litigating a claim based on an accident that occurred off the coast of Mexico, nor did it find any evidence that Carnival had obtained the plaintiffs' consent to the forum selection provision by fraud or overreaching. Consequently, the Court rejected the plaintiffs' argument that the forum selection provision should be set aside because of the hardships a lawsuit in Florida presented for the plaintiffs.
The rationale of those cases is all the more compelling when applied to our case because the forum selection clause in our case is supported by the Nebraska-based factors *445 that confer jurisdiction of the case on the Douglas County District Court. The forums selected by contract in The Bremen and Carnival Cruise Lines, Inc. had no logical or factual relations to the locations in which the respective contracts were performed or the locations where the alleged damages were sustained, yet the Court upheld the contractual forum selection provisions in both cases. As discussed above, there are strong logical and factual ties between the forum selected by Woodmen and Walker and the situs of the contract at issue, ties which strengthen the argument for enforcement of the forum selection clause.
In Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Court stated the still-valid proposition that a plaintiff may not harass a defendant by inflicting upon him unnecessary expense or trouble, but unless the balance between advantages and obstacles to a fair trial weighs strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. The Court also noted the appropriateness of "having the trial of a diversity case in a forum that is at home with the state law that must govern the case." Gulf Oil Corp., 330 U.S. at 509, 67 S.Ct. at 843. The evidence in the record does not weigh strongly in favor of Walker on the issue of venue. The decision of the trial court to dismiss Woodmen's action seemed to hinge on Walker's inability to compel witnesses from Alabama to appear in Nebraska. Under the trial court's rationale, this case might never be tried because if forced to file the cause of action in Alabama, Woodmen would be unable to subpoena witnesses from Nebraska, making trial in Alabama as unfair to Woodmen as trial in Nebraska allegedly would be for Walker. We are able to avoid this apparent dilemma by relying on the Court's recognition of (1) the preference in favor of the plaintiff's forum selection and (2) the appropriateness of trying a case in the state whose law governs the action. The inability to subpoena witnesses from Alabama may constitute a difficulty for Walker in making his case, but it is not an uncommon difficulty. It does not make Walker's defense to the suit so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court, nor does it constitute a threat to the interest of substantial justice such that Woodmen's action cannot be heard in Nebraska.
Legal disputes arising from the contract cannot be heard in two places at once, yet they must be heard somewhere. In their written agreement, the parties decided that Walker would assume the burden of litigating any action on the contract in Woodmen's home jurisdiction. There is no evidence of fraud or duress or any other action by Woodmen that would retroactively nullify the venue provision to which Walker consented in writing. We hold that where diverse parties to a contract have agreed in writing that the defendant will assume the burden of litigating an action on the contract in the plaintiff's home jurisdiction, and where there is no evidence of fraud or duress or any other action by the plaintiff that would retroactively render void the contractual forum selection, § 25-538 does not authorize a court to arbitrarily amend the contract by nullifying the forum selection clause and reassigning to the plaintiff the burden of litigating an action on the contract in a foreign jurisdiction.
The contract between Woodmen and Walker is governed by Nebraska law, the Douglas County District Court has personal jurisdiction over Walker, and Walker should reasonably have anticipated being haled into court in Nebraska on legal matters arising from the contract. Upon review of the record, we find nothing substantially unjust about requiring Walker to answer Woodmen's lawsuit against him in the district court for Douglas County, Nebraska, pursuant to the parties' contractual forum selection. The decision of the trial court to dismiss Woodmen's petition because of inconvenience to Walker was clearly untenable, unfairly depriving Woodmen of its substantial right to pursue legal action on the contract in Douglas County, Nebraska. Therefore, we reverse the order of the district court dismissing Woodmen's petition and remand this cause of action to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.