WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY, APPELLEE, V.
C. FRANK KIGHT, ALSO KNOWN AS CLAYTON FRANK KIGHT,
APPELLANT.

522 N.W.2d 155

Filed September 30, 1994.   No. S-93-089.

James B. McVay, of Stern, Swanson, Sleder & McVay, for appellant.

Kirk S. Blecha and Carol C. Knoepfler, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for appellee.

HASTINGS, C.J., WHITE, FAHRNBRUCH, and LANPHIER, JJ., and BOSLAUGH, J., Retired.

BOSLAUGH, J., Retired.

This appeal arises from an action filed by the plaintiff, Woodmen of the World Life Insurance Society, for declaratory judgment on a contract between the plaintiff and the defendant, C. Frank Kight, also known as Clayton Frank Kight, an Alabama resident. The defendant filed a motion to dismiss pursuant to Neb. Rev. Stat. § 25-538 (Reissue 1989), which authorizes a court to stay or dismiss an action in whole or in part on any conditions that may be just when the court finds that in the interest of substantial justice the action should be heard in another forum. The trial court denied the defendant's motion, and on the date trial of the case was to begin, November 23, 1992, the parties agreed to settle their dispute. The defendant refused to sign the settlement agreement, and

the plaintiff filed, on December 11, 1992, a motion to confirm the settlement. Following a hearing on the motion to confirm the settlement, the trial court found that a settlement agreement had been entered into by the parties, the terms of which were reflected in the settlement documents that the defendant refused to sign. The trial court sustained the plaintiff's motion to confirm the settlement.

The defendant has appealed and assigns as error the trial court's failure to grant his motion to dismiss, the trial court's finding that a binding settlement agreement existed between the parties, and the trial court's failure to apply Fourth Jud. Dist. R. of Prac. 4 (Jan. 1988).

The plaintiff is a fraternal benefit society incorporated in the State of Nebraska and licensed to do business in all 50 states. Its national headquarters are located in Omaha, Nebraska.

The defendant worked as an independent contractor for the plaintiff in the capacity of field representative. As a field representative, the defendant was responsible for increasing membership in and advancing the interests of the plaintiff by soliciting applications from individuals in the south Alabama area for benefit certificates, including life insurance, and by working with individuals to maintain their benefit certificates.

On July 1, 1986, the plaintiff and the defendant executed a full-time field representative/Woodmen advantage contract. After the plaintiff's area and state managers and the defendant signed the contract in Alabama, the contract was forwarded to the plaintiff's offices in Omaha for review, approval, and final execution. The original contract was retained by the plaintiff in its Omaha office.

The contract contained a choice of law and choice of venue provision. Pursuant to paragraph 12 of the contract, the parties "agree that this contract is to be construed according to the laws of the State of Nebraska and that the exclusive venue for the pursuit of any legal proceeding or remedy arising out of this contract shall be in Douglas County, Nebraska."

During his relationship with the plaintiff, the defendant had numerous contacts with Omaha, Nebraska. All of the defendant's commission payments and accounting functions concerning those commissions originated in the plaintiff's

offices in Omaha. All Woodmen insurance products and benefit certificates the defendant sold were transmitted by the defendant either by mail or by computer transmission to the plaintiff's offices in Omaha, and when the insurance products and benefit certificates the defendant sold were issued by the plaintiff, they were issued from the plaintiff's offices in Omaha. If the defendant changed or adjusted a member's Woodmen certificate, the defendant reported those changes to the plaintiff's office in Omaha, where the adjustments would be made.

The defendant's direct contacts with Omaha also included special telephone access to a data communications line in Omaha which the defendant, as a Woodmen field representative, could use to obtain information concerning Woodmen members. The defendant also attended three different training sessions offered and conducted by the plaintiff at its Omaha offices in July 1979, April 1982, and April 1984. The plaintiff paid for the defendant's travel expenses to and from Omaha, as well as expenses incurred during the defendant's attendance at the seminars.

On October 25, 1990, the plaintiff terminated its relationship with the defendant because he gave confidential member information to a competing life insurance company's agent. The defendant subsequently brought an action against the plaintiff and others in the circuit court for Montgomery County, Alabama, on July 8, 1991, alleging violations of the contract. On August 2, the plaintiff filed its application for declaratory judgment and petition against the defendant in the district court for Douglas County, Nebraska, seeking, in part, a declaratory judgment that the defendant had breached his obligations under the contract by selling replacement insurance policies of another company to Woodmen members, thereby causing those members to terminate their Woodmen policies.

The defendant filed his motion to dismiss on September 27, 1991, seeking the dismissal of the plaintiff's action on the theory of forum non conveniens. After a hearing on the motion, the trial court denied the motion.

Trial in this action was scheduled to begin on November 23, 1992. The parties, including the defendant, appeared for trial.

Also present were witnesses that the plaintiff expected to 'call at trial who had traveled to Omaha from Alabama. Out-of-state counsel from Alabama for both sides, as well as local counsel, were present.

On the morning of the trial, the parties reached a settlement of all their differences. The defendant; his local counsel, William T. Ginsburg; and his Alabama counsel, D. Bruce Petway, personally negotiated settlement terms with the plaintiff's representatives. Later that day in the courtroom, counsel for the plaintiff, Kirk S. Blecha and Carol C. Knoepfler, and the defendant's counsel, Ginsburg and Petway, recited on the record the terms of the settlement agreement reached between the plaintiff and the defendant. The record of that proceeding shows the following:

[MR. PETWAY:] Mr. Ginsburg and I would like to enter a statement that we have read this agreement in full and that Mr. Kight agreed to these provisions both last night and this morning and has given us the authority to settle both the cases referenced in this agreement and have them dismissed without prejudice by — with prejudice and that we are in agreement with the provisions as read in the statement [by Blecha and Knoepfler].

MR. BLECHA: And also for — Continuing, I can represent that I was present this morning in the jury room when Mr. Kight verbally informed Mr. Petway and Mr. Ginsburg that they had authority to settle the case along the terms that we have read into the record.

MR. PETWAY: And you would — you'd concur on that. He was present.

MR. GINSBURG: I concur.

Because the defendant refused to sign the settlement documents, the plaintiff filed a motion to confirm the settlement, and a hearing on the motion was held on December 18, 1992.

At the hearing, the trial court received into evidence affidavits from the defendant's lawyers and the plaintiff's lawyer stating that the settlement documents accurately reflected the terms of the settlement agreement. The affidavits of the defendant's attorneys stated that the defendant had

agreed to such settlement terms. The trial court also received into evidence the transcript of the statement read into the record on November 23, 1992.

The defendant testified that he did not execute the written settlement documents because the documents did not contain all of the terms that he thought had been agreed upon by the parties.

In his first assignment of error, the defendant contends the trial court erred in denying his motion to dismiss.

Whether a suit should be entertained or dismissed under the rule of forum non conveniens depends largely upon the facts of the particular case and rests in the discretion of the trial court. *Qualley v. Chrysler Credit Corp.*, 191 Neb. 787, 217 N.W.2d 914 (1974).

In the present case, the trial court had personal jurisdiction over the defendant, and the record is replete with evidence of the defendant's connections with Nebraska such that he should have reasonably anticipated being haled into court in Douglas County on legal matters arising from the contract. All of the business produced by the defendant was transacted through the home office in Omaha. The contract at issue is in the home office, as are other records relating to this case. The defendant had been to Omaha on three occasions for training seminars. Finally, the contract provided that Douglas County, Nebraska, would be the exclusive venue for any legal action arising out of the contract and that the contract is governed by Nebraska law. There is no evidence that the defendant executed the contract under fraud or duress by the plaintiff.

The trial court did not abuse its discretion in denying the defendant's motion to dismiss.

Next, the defendant argues the trial court erred in finding a binding settlement agreement exists between the parties. According to the defendant, his attorneys did not have authority to settle the case on the terms presented to the trial court.

A settlement agreement is subject to the general principles of contract law. *Heese Produce Co. v. Lueders*, 233 Neb. 12, 443 N.W.2d 278 (1989). In a bench trial of an action at law, the factual findings by the trial court have the effect of a jury

verdict and will not be set aside unless they are clearly wrong. *Id.*

The trial court found and the record shows that the defendant's local counsel and out-of-state counsel testified that the defendant had given them authority to settle the case pursuant to the terms that were read into the record on November 23, 1992, and contained in the written settlement documents. Furthermore, the defendant testified that the day the settlement was reached, Ginsburg and Petway were acting on his behalf.

The defendant has failed to show that his attorneys were without authority to settle the case. See *Koch v. Koch*, 226 Neb. 305, 411 N.W.2d 319 (1987). Accordingly, the defendant's second assignment of error is without merit.

Finally, the defendant asserts that the trial court erred when it failed to apply Fourth Jud. Dist. R. of Prac. 4 (Jan. 1988), which provides that

> [a]ll stipulations not made in open court or in chambers and recorded by the reporter and all agreements of counsel or parties to a suit must be reduced to writing and signed by the parties making the same and filed with the clerk, or they will not be recognized or considered by the court.

During the hearing on the motion to confirm settlement, the trial judge stated he waived the rule 4 requirement to avoid injustice because of all the time spent by the parties and the court in negotiating the settlement and because the trial date, the attorneys, and the court's time had been relinquished. In its order confirming the settlement between the parties, the trial court specifically waived the requirements of rule 4 pursuant to Fourth Jud. Dist. R. of Prac. 25 (Jan. 1988). Rule 25 states, "Any of the foregoing rules shall be subject to such modification by the court as may be necessary in special instances to meet emergencies or to avoid injustice or great hardship."

In *Heese Produce Co. v. Lueders, supra*, this court held that the district court may exercise its inherent power to waive its own rules in appropriate circumstances where no injustice would result. In *Heese*, the trial court waived its rule requiring that settlement agreements be reduced to writing when it

confirmed a settlement of the parties, and this court concluded no injustice resulted from the trial court's waiver of its own rule.

In the present case, the terms of the settlement were read into the record on November 23, 1992, and the defendant's attorneys testified that he gave them authority to settle the case according to those terms. The settlement documents reflected the terms that were recited into the record. The district court did not abuse its discretion by waiving rule 4.

The judgment of the trial court is affirmed.

AFFIRMED.

WRIGHT, J., participating on briefs.
CAPORALE, J., not participating.